THE STATE OF NEBRASKA, EX REL. WILBUR F. BRYANT, v. EPHRAIM LAUVER, COUNTY JUDGE OF CEDAR COUNTY.

[FILED JUNE 13, 1889.]

1. **Criminal Law**: WARRANT. A complaint in writing signed by the complainant and sworn to before the clerk of the district court within his jurisdiction and filed in the office of the justice of the peace, would be sufficient to require him to issue a warrant thereon.

2. ———: INFORMATION. Where a criminal statute is descriptive of the offense which is declared to be a crime, an information or complaint filed before a justice of the peace, the charging part of which is in the language of the statute, will be *held*, sufficient.

3. **Constitutional Law**: Section 28 of chapter 61, Laws of 1881, commonly known as the Slocumb law, *held*, constitutional so far as this case is concerned, without a discussion of the question.

Original application for mandamus.

*Wilbur F. Bryant*, for relator.

*Ephraim Lauver*, for respondent.

REESE, CH. J.

This is an application to this court in the exercise of its original jurisdiction for a peremptory writ of mandamus to

the defendant, who is the county judge of Cedar county, requiring him to issue a warrant upon a complaint filed before him charging one Andrew Anderson with the crime of having been found in a state of intoxication. We quote the following from the transcript of the county judge:

"The State of Nebraska against Andrew Anderson.

"Be it remembered that on the 26th day of November, 1888, the following complaint was filed in the office of the county judge of Cedar county, Nebraska, to wit:

"'THE STATE OF NEBRASKA, CEDAR COUNTY: ss.

"'Before me, E. Lauver, county judge in and for Cedar county, personally appeared Wilbur F. Bryant, who, being duly sworn as hereinafter certified, says that Andrew Anderson, late of the county aforesaid, on the 23d day of November, in the year of our Lord one thousand eight hundred and eighty-eight, in the county of Cedar, and state of Nebraska, aforesaid, was found unlawfully in a state of intoxication contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Nebraska.      WILBUR F. BRYANT.

"'Subscribed in my presence and sworn to before me this 26th day of November, 1888.
"'[SEAL.]                    FRANZ NELSON,
                              "'Clerk District Court.'

"Thereupon the said Wilbur F. Bryant tendered the lawful fee, and demanded that a warrant be issued for the arrest of the said Andrew Anderson. Though I have reasonable grounds to believe that the facts set forth in the foregoing complaint were true, yet I refused to issue the warrant as requested, for the following reasons, to wit: First, that the complaint was not sworn to before the proper officer; second, that the complaint does not charge any person with any offense against the laws of the state.
                    "E. LAUVER, County Judge."

The answer consists, first, of a general denial of the allegations of the petition; second, a specific denial of the truth of the allegation that the relator is a citizen of the United States, or of the state of Nebraska. It is alleged that the relator himself was born in the United States, to wit, in the state of New Hampshire, but that his ancestors were born in Ireland, and were not citizens of the United States; and it is alleged that relator's father had been a soldier in the United States army. From the whole tenor of the answer in this particular, it is apparent that the denial of the citizenship of the relator is not relied upon by respondent; neither could it be successfully.

By the docket of the county judge it appears that he refused to issue a warrant upon two grounds: First, that the complaint was not sworn to before the proper officer. There is no force in this objection. Section 1 of chapter 62 of the Compiled Statutes provides that: "Oaths and affirmations may be administered in all cases whatsoever by judges of the supreme court, judges of the district court, clerk of the supreme court, clerks of the district courts within their respective districts, and by probate judges, justices of the peace, and notaries public, within their respective counties."

Sec. 286 of the Criminal Code provides that: "Whenever a complaint in writing and upon oath signed by the complainant shall be filed with the magistrate charging any person with the commission of an offense against the laws of this state, it shall be the duty of such magistrate to issue a warrant for the arrest of the person accused, if he shall have reasonable grounds to believe that the offense charged has been committed."

The complaint was properly sworn to, and complied with all the requirements of the section above quoted. This holding does not in any degree contravene the ruling of this court in *Richards v. The State*, 22 Neb. 145. In that case an information was filed in the district court by

the prosecuting attorney, and sworn to before a notary public. In discussing the validity of the information, Chief Justice MAXWELL, in writing the opinion of the court, at page 150, says: "The information was sworn to on information and belief before a notary public. In order to authorize the filing of an information, except in case of fugitives from justice, there must have been a previous examination based on an accusation under oath, charging the party with the commission of the crime. An information sworn to by the prosecuting attorney upon information and belief is sufficient; but the oath must be taken before a judicial officer one authorized to administer the oath. At common law such oath was taken before a magistrate, (1 Chitty Criminal Law, 26,) and the common law on that point prevails in this state. A notary public is an officer of the civil and commercial laws, and is unknown to the criminal law, and the oath is unauthorized."

The clerk of the district court fills all the requirements of the officer referred to in the opinion in the above case. We have no doubt but that the complaint was properly sworn to.

The second objection to the complaint, as shown by the transcript of the county judge, was that it did not charge any person with an offense against the laws of the state. Upon an examination of the complaint, we find that it substantially complies with the provisions of the section making drunkenness a crime, the section being descriptive of the offense.

No brief has been filed by the defendant. It is said in the brief filed by the relator that the refusal of the county judge to issue a warrant was upon the ground that the statute which imposes a penalty for being found in a state of intoxication, is unconstitutional. Whether or not such objection was made by respondent we have no means of knowing, from the record proper. The section under which the complaint was filed is section 28 of chapter 61 of the laws

·enacted in 1881, being found on page 270 of the laws of that session, and is what is known in this state as the Slo-·cumb law. ·Quite an able brief has been filed by relator, the purpose of which chiefly is to show that the section referred to is within the title of the act, and therefore constitutional. While we have no doubt of the constitutionality of the section, yet we do not feel inclined to discuss the question in this case, as it might be said that it was done upon an *ex parte* hearing. So far as this petition is concerned we shall treat the law as constitutional.

A peremptory writ of mandamus will be awarded as prayed for in this petition.

WRIT ALLOWED.

THE other Judges concur.