LAWRENCE McCONNELL v. STATE OF NEBRASKA.

FILED DECEMBER 21, 1906.   No. 14,689.

1. Criminal Law: EVIDENCE. Bill of exceptions examined, and the evidence of the physicians contained therein found to be competent.

2. ————: INSTRUCTIONS. On the trial of one charged with a heinous crime, where the charge set forth in the information or indictment fully embraces all of the ingredients of a lesser offense, it is proper for the trial court to define the lesser offense and instruct the jury that, where the evidence requires it, they may convict of such offense, but a failure to so instruct is not reversible error, unless such an instruction is requested by the defendant.

3. ————: ————. An instruction in a prosecution for assault with intent to commit rape, which may be construed to mean that it is not essential to a conviction that the prosecutrix be corroborated, should not be given. And where it is probable that the rights of the defendant were prejudiced thereby a new trial will be granted. *Dunn v. State*, 58 Neb. 807, distinguished.

ERROR to the district court for Gage county: WILLIAM H. KELLIGAR, JUDGE. *Rere. d.*

*L. M. Pemberton* and *A. Hardy,* for plaintiff in error.

*Norris Brown,* Attorney General, *W. T. Thompson* and *S. D. Killen,* contra.

BARNES, J.

Lawrence McConnell, hereafter called the defendant, was tried by the district court for Gage county on an information charging him with assault with intent to commit rape. He was found guilty and sentenced to the penitentiary for a period of seven years. To reverse that judgment he brings error to this court.

1. His first contention is that the court erred in receiving the evidence of Doctors Boggs and Fall as to the nature of certain stains found on the clothing of the prosecutrix. It is urged that this evidence was incompetent, because the doctors did not sufficiently qualify themselves to testify as expert witnesses. While this question seems to be a close one, still we are of opinion that each of them showed such professional standing, knowledge and experience as required the court to receive their evidence for what it was worth, and the attack of counsel should have been directed to its weight, credibility and probative effect rather than its competency.

2. Defendant also claims, and strenuously insists, that the court erred in failing to instruct the jury that under the charge contained in the information the defendant, if the evidence warranted, might be found guilty of an assault and battery, or a simple assault. This assignment is argued with great force and at length. An examination of the record shows that the court failed to so instruct, and it also discloses that the defendant made no request for an instruction of that kind. That the charge of assault with intent to commit rape necessarily includes a charge of assault and battery and one of simple assault seems clear. In *Prindeville v. People,* 42 Ill. 217, the court said: "From all of the authorities, we are satisfied, that the general rule is, that, where a higher and more atrocious crime fully embraces all of the ingredients of a lesser offense, and when the evidence requires it, the jury may convict of the latter." And no case occurs to us which can come more fully within the rule than does an

assault with intent to commit rape. So, this is a proper case for the application of the rule contended for. We find, however, that the authorities are divided on that question, and, although it may be said that the weight of authority favors the defendant's contention, yet we are already committed to the rule that the failure of the court to give such an instruction is not reversible error, unless such request is tendered and refused. In *Barr v. State,* 45 Neb. 458, it was held: "In a prosecution for a felony error cannot be predicated upon the failure of the trial court to define a lesser offense included in the crime charged, unless requested so to do." In *Hill v. State,* 42 Neb. 503, we said: "Mere nondirection by the trial court is not sufficient ground for reversal on appeal, unless proper instructions have been asked and refused." The same rule is stated, without qualification, in *Gettinger v. State,* 13 Neb. 308, and in *Housh v. State,* 43 Neb. 163, also in *Edwards v. State,* 69 Neb. 386, and in many other cases. It may be said for this rule that it is not without reason for its support. It may happen that, where a defendant is charged with a heinous crime, and the evidence against him is slight, he would prefer to have the jury understand that he must be found guilty of the particular crime charged, or else not guilty. For in such a case the jury might well refuse to convict of the heinous crime, and yet readily agree to find the defendant guilty of a lesser offense, amounting, perhaps, to no more than a misdemeanor. By adhering to this rule we offer a defendant an opportunity to exercise his election, and have such an instruction by requesting the court to give it. So, we are of opinion that the defendant's contention on this point cannot be sustained.

3. Counsel for the defendant further contends that the court erred in giving paragraph 10 of the instructions on his own motion; that the effect of that instruction was to inform or at least lead the jury to believe that the defendant could be convicted without any corroboration of the evidence of the prosecutrix. We are fully committed to

the rule that in cases of rape and seduction the prosecutrix must be corroborated, or, in other words, the uncorroborated evidence of the prosecutrix is not sufficient to sustain a conviction, and we see no good reason, nor is any suggested, why the same rule should not prevail where the charge is assault with intent to commit rape. By the instructions complained of the jury were told, in substance, that in case of an assault with intent to commit rape it is not essential that the prosecuting witness should be corroborated by the testimony of other witnesses as to the particular act constituting the offense; that if the jury should believe, beyond a reasonable doubt, from the testimony of the prosecutrix, and the corroborating circumstances and facts testified to by other witnesses, that the defendant did make the assault, as charged in the information, the law does not require that the testimony of the prosecutrix should be corroborated by other witnesses as to what transpired at the immediate time and place when it is alleged the assault was made. The vice of this instruction seems to be that too much emphasis was given to the idea or thought that the prosecutrix need not be corroborated by the evidence of any other witness, and thereby the necessity of the corroboration was, in effect, lost sight of. Again, in this instruction the jury is first told that it is not essential that the prosecutrix be corroborated by other witnesses as to the particular acts which constitute the offense. Then follows the statement that if the jury should believe beyond a reasonable doubt, from the testimony of the prosecutrix, and corroborating circumstances, in fact testified to by other witnesses, that the defendant did make this assault, as charged in the information, the law does not require that the testimony of the prosecutrix should be corroborated by other witnesses as to what transpired at the time and place the alleged assault was made. This would seem to virtually tell the jury that there was sufficient corroborating circumstances and facts testified to by other witnesses to justify them, if they saw fit, in finding the defendant guilty. It is true the lan-

guage used does not necessarily have that meaning, but in the absence of any other instruction correctly stating the law in regard to the necessary corroboration the jury would probably be misled in regard to the matter. The record discloses that no other or correct instruction in regard to the necessity of corroboration was given by the court, and we think that the giving of the instruction complained of was therefore erroneous. While *Dunn v. State*, 58 Neb. 807, approves of a similar instruction, yet it is to be presumed that a correct instruction as to the necessity of corroboration was given in that case.

4. Lastly, it is contended, and strenuously urged, that the evidence is insufficient to sustain a conviction. While we have carefully reviewed it, yet we decline to express any opinion upon that question. It is quite probable that the case may be tried again, and it would therefore be improper for us to do so at this time.

For failure to correctly instruct the jury as to the necessity of corroboration and giving the paragraph of the instruction complained of, the judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED.