STATE OF NEBRASKA, APPELLEE, V. JAMES HENRY McCLARITY, ALIAS ANTHONY LEROY TURNER, APPELLANT.

142 N. W. 2d 152

Filed April 29, 1966. No. 36148.

Adolph Q. Wolf, Fred T. Montag, Michael McCormack, and Bennett Hornstein, for appellant.

Clarence A. H. Meyer, Attorney General, and Calvin E. Robinson, for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and KUNS, District Judge.

KUNS, District Judge.

Defendant was tried upon an information charging that on April 3, 1965, he committed the crime of robbery against Anton Paikar in Douglas County, Nebraska. The jury returned a verdict finding him guilty of the offense of assault with intent to commit robbery. Defendant was sentenced to a term of 7 years penal servitude in the Nebraska Penal and Correctional Complex and has appealed to this court.

The appellant has assigned two errors: (1) That the evidence was not sufficient to support the verdict, and (2) that the jury should not have been permitted to consider the offense of assault with intent to commit robbery.

In the consideration of the first assignment, it is necessary to review the evidence offered by the State; the defendant offered no evidence. Paikar, the complaining witness, testified that he was 83 years old, a retired railroad employee living in Omaha; that about 1:30 p.m. on April 3, 1965, while he was walking along North Sixteenth Street, someone came up behind him, put one arm about his body and, with the other hand, took from his pocket a pocketbook containing about $400; that the defendant was the man who robbed him; that defendant ran down California Street, while witness ran after him, "hollering"; and that he next saw and identified the defendant at the police station. At one point he referred to his assailant as an Indian, which led to cross-examination on the subject of identification and description, in the course of which he gave some confused replies. Urlaub testified that while he was driving down Sixteenth Street, he saw two men scuffling on the sidewalk, one of whom he identified as the defendant; that he parked his car and followed defendant up California Street into a dead end alley between Sixteenth and Seventeenth Streets; and that defendant turned, threatened him, and then went west down California Street, then north on Seventeenth Street where defendant had an-

other scuffle. Nuzum testified that as he was walking down Sixteenth Street, he heard Paikar call for help and saw a colored man holding Paikar with one arm and with his other hand in Paikar's pocket; that defendant was the colored man; that defendant ran away, the witness following him until the police arrived; and that he was present when the police officer arrested defendant while he was trying to climb a fence. Sorbello, a police officer, testified that, in response to a radio call, he found defendant in an alley off Seventeenth Street, trying to climb a fence; that defendant's face was moist with perspiration; and that he was breathing heavily.

It is to be expected that when several persons testify to their observations of the same event, their testimony based upon varying points of view will not be entirely free from discrepancy. There is testimony identifying the defendant as the assailant, describing an assault together with acts from which an intent to rob might be inferred; there was no support from other witnesses as to the taking of Paikar's money, and apparently it was not found on the defendant at the time of his arrest. The evidence is sufficient to support the verdict and findings of the jury. Defendant's assignment of error in this respect is overruled.

Defendant's second assignment of error relates to the submission to the jury of the offenses of assault with intent to commit robbery and of assault and battery. At the conclusion of the introduction of evidence, the State made an oral request to the trial court to submit assault with intent to commit robbery; the defense did not object to the request, but countered with a statement that an instruction would be offered requesting submission of the offense of assault and battery. Thereupon, the trial court submitted both offenses in the instructions, correctly defining each and stating the elements necessary to be established to justify a finding of guilt.

The crime of robbery is defined by section 28-414, R. R. S. 1943, as follows: "Whoever forcibly, and by vio-

lence, or by putting in fear, takes from the person of another any money * * * with the intent to rob or steal, shall be deemed guilty of robbery, * * *." The elements of the crime are (1) the taking of property from the person, (2) by the use of force, (3) with intent to steal on the part of defendant, and (4) without consent by the one from whom the property is taken. 77 C. J. S., Robbery, § 2, p. 449. When some of the elements of the crime charged in the information, without the addition of any element irrelevant to the original crime charged, may constitute another crime or crimes, such other crime or crimes are included within the crime charged. This court has held that the offense of larceny from the person is included within a charge of robbery, Bunge v. State, 87 Neb. 557, 127 N. W. 899, Brown v. State, 33 Neb. 354, 50 N. W. 154, on rehearing, 34 Neb. 448, 51 N. W. 1028; that assault and battery is included within a charge of shooting with intent to wound, Moore v. State, 147 Neb. 390, 23 N. W. 2d 552; and that assault and battery is included within a charge of assault with intent to commit rape, McConnell v. State, 77 Neb. 773, 110 N. W. 666. In McConnell v. State, *supra*, it was stated: "'* * * we are satisfied, that the general rule is, that, where a higher and more atrocious crime fully embraces all the ingredients of a lesser offense, and when the evidence requires it, the jury may convict of the latter.'" The refusal to instruct upon a lesser included offense after request by the defense has been held to constitute reversible error. Moore v. State, *supra*. In this case, both the crimes of assault with intent to commit robbery and assault and battery include only elements contained within the crime of robbery; such elements find support in the evidence; and the trial court acted correctly in submitting both included offenses upon request. There was no departure from the original charge and defendant was not called upon to defend against any charge outside the scope of the original charge.

Defendant claims further that the conviction is contrary to Article I, section 11, Constitution of Nebraska, granting to the accused the right to demand the nature and cause of the accusation. A conviction of a crime not included within the original charge is void. In re McVey, 50 Neb. 481, 70 N. W. 51. In this case, it has been demonstrated that the offense of which defendant was found guilty was included within the original charge, and the constitutional requirement has been met. Defendant's second assignment of error is overruled.

We find the record to be free from prejudicial error and the judgment of the district court is affirmed.

AFFIRMED.