STATE OF NEBRASKA, APPELLEE, V. STEPHEN P. MURPHREY, APPELLANT.

371 N.W.2d 702

Filed August 9, 1985.   No. 84-566.

Charles D. Hahn, and Daniel E. Wherry, for appellant.

Paul L. Douglas, Attorney General, and Jill Gradwohl, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.

In an information filed in Richardson County, Nebraska, the defendant, Stephen P. Murphrey, was charged with attempted burglary, a violation of Neb. Rev. Stat. §§ 28-507(1) (defining burglary) and 28-201 (defining criminal attempt) (Reissue 1979). Attempted burglary is a Class IV felony. The defendant pled not guilty to the charge and, after a jury trial, was found guilty. The defendant was sentenced to 5 years' probation and timely appealed to this court. The defendant has assigned various errors which can be consolidated into three assignments: (1) The jury verdict of guilty was not sustained by the evidence; (2) The court erred in instructing the jury on

lesser-included offenses; and (3) The court erred in denying defendant's motion for dismissal and later for a mistrial because the State failed to comply with the court's discovery order. After consideration of the defendant's assigned errors, we affirm.

The evidence and testimony presented at trial showed that the defendant met Liza Weiss while defendant was hitchhiking near his home in Wichita, Kansas. After spending 4 days with defendant in Wichita while she attended a conference for librarians, Ms. Weiss returned to Falls City, Nebraska, where she lived with her uncle, Donald Sailors. During the next several weeks, the defendant and Ms. Weiss wrote each other letters and defendant made several trips to Falls City.

Although the testimony is somewhat in conflict, the evidence shows that on the weekend of May 13, 1983, the defendant came up to visit Ms. Weiss and gave her a copy of his will and his safe-deposit box key. The will named Ms. Weiss as a devisee. The defendant stayed with Ms. Weiss at her uncle's home. By Sunday the two had had some arguments and defendant was feeling depressed due to Ms. Weiss' indecisiveness about marrying him. Ms. Weiss took him to the highway to hitchhike back to Wichita. There he was picked up by some sympathetic men who took him to a bar and drank with him. The defendant called Ms. Weiss several times from the bar, threatening to kill himself if they could not get back together. He then hitchhiked back to Falls City and went to the Sailors home at about 11 p.m. There he knocked on the kitchen door, and getting no response, went to Ms. Weiss' window where he saw a light. Frustrated at her refusal to talk to him, he cut a hole in the screen to her bedroom window and broke the window. She still refused to speak with him even though he persisted in threatening suicide with the knife he held in his hand.

Defendant then went to the back of the house, entered an enclosed porch, and approached the kitchen door. At this point Mr. Sailors, a man 79 years old, appeared at the door with a gun, recognized defendant, and told defendant he could not come in. Mr. Sailors testified that the defendant then broke the window in the kitchen door by plunging his hand with the knife in it through the window. Sailors testified that defendant poked

the knife at him and tried to break the door down. Sailors then fired one shot and hit the defendant in his left shoulder. The defendant fell on the enclosed back porch. Paramedics and police officers arrived on the scene. Defendant struggled with the police, and his arm was broken in that scuffle. Eventually, defendant was transported to a Lincoln hospital. Later, he was charged with attempted burglary.

As stated above, defendant's testimony conflicts in many respects with that of Mr. Sailors.

In *State v. Evans*, 215 Neb. 433, 443, 338 N.W.2d 788, 795 (1983), citing *State v. Rowe*, 214 Neb. 685, 335 N.W.2d 309 (1983), we noted that

> it is not for this court to accept one version of the case over another; that was for the jury. In determining the sufficiency of the evidence to sustain a conviction, it is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. Such matters are for the trier of fact, and the verdict must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it.

To commit a burglary, as defined in § 28-507(1), it is necessary that there be a breaking and entering with the intent to commit any felony or to steal property of any value. Here, the defendant, charged with attempted burglary, argues that he had no intent to commit a felony in or take anything from the Sailors home. Defendant testified he had the knife because he was contemplating suicide. Mr. Sailors, on the other hand, testified that the defendant had thrust his knife at Mr. Sailors. If the jury chose to believe Mr. Sailors and not the defendant, it could well find that the defendant intended to harm Mr. Sailors with that knife. Such conduct on the part of defendant would constitute the felony of assault in the second degree, as defined in Neb. Rev. Stat. § 28-309 (Cum. Supp. 1984). The evidence would also support a jury finding that the defendant attempted to break and enter the Sailors home and that in fact defendant had opened a screen door and entered the enclosed back porch. Since these facts constitute the material elements of attempted burglary, the evidence before the jury fully supports the jury's

finding of defendant's guilt. Defendant's contention to the contrary is without merit.

Defendant's second grouping of assigned errors concerns the trial court's alleged errors in instructing the jury on lesser-included offenses. The trial court instructed the jury:

> Under the information in this case, depending on the evidence, you may find the defendant: A. Guilty of attempted burglary; B. Guilty of attempted assault in the second degree; C. Guilty of assault in the third degree; D. Guilty of criminal trespass, first degree; E. Guilty of criminal mischief; F. Not guilty.

The court gave instructions on all the crimes listed as B, C, D, and E on the theory that those crimes constituted lesser-included offenses.

The trial court was clearly in error in so instructing the jury. In *State v. Lovelace*, 212 Neb. 356, 359, 322 N.W.2d 673, 675 (1982), we stated: " 'To be a lesser included offense, the elements of the lesser offense must be such that is is impossible to commit the greater without at the same time having committed the lesser. . . .' " It is obvious that attempted burglary could be committed in many ways without committing any of the other crimes enumerated in the instructions. See, also, *State v. Coburn*, 218 Neb. 144, 352 N.W.2d 605 (1984).

Such error, however, in this case was not prejudicial. The trial court properly instructed the jury on the crime of attempted burglary, and concluded its instruction on that crime as follows:

> If you find, from the evidence, beyond a reasonable doubt that each of the foregoing material elements is true, it is your duty to find the defendant guilty of the crime of attempted burglary, and you shall not then consider the lesser included offenses hereafter set forth in this instruction.

Since the jury found the defendant guilty of attempted burglary and the instruction told them not to consider the "lesser included offenses hereafter set forth," we find no prejudice in the instruction. We presume the jury followed the court's instruction and did not consider any of the purported lesser-included offenses after the defendant was found guilty of the primary charge against him. As set out in *State v. Sayers*,

211 Neb. 555, 567, 319 N.W.2d 438, 444 (1982), "The rule in Nebraska is: ' "It is presumed a jury followed the instructions given in arriving at its verdict and, unless it affirmatively appears to the contrary, it cannot be said that such instructions were disregarded." ' " Defendant's brief does not point out how the error was prejudicial. In *State v. Bartholomew*, 212 Neb. 270, 276-77, 322 N.W.2d 432, 436-37 (1982), we held:

> Even though the court should not have used the precise language that it did, before such error can be considered as a ground for reversal, it must be considered prejudicial to the rights of the defendant. "Defendant has failed to show how he was in fact prejudiced by the instruction as given. Other than the mere statement that the instruction was prejudicial, defendant has adduced no proof of prejudice that could be a ground for reversal." *State v. O'Kelly*, 193 Neb. 390, 393, 227 N.W.2d 415, 418 (1975).

The defendant's final assignment of error charged that the prosecution did not comply with the court's discovery order. The court had ordered that the prosecution provide to the defendant the address of Liza Weiss. The prosecution could not comply with the court's order because Ms. Weiss' whereabouts were not known to the State authorities. It is also clear that the prosecution offered to have Ms. Weiss present at trial, if the defense wanted, but that advance notice had to be given because Ms. Weiss telephoned the county attorney only once a week and could not furnish her address because she was traveling. Ms. Weiss had told the county attorney she would appear on request if notified, and the county attorney had so informed defendant's counsel.

The defendant's attorney did not make any effort to have Ms. Weiss located, to take her deposition, or to have her brought back for the trial. Defendant's attorney knew the week before the trial that the county attorney did not know where Ms. Weiss was and that she would not be called as a witness by the State. Defendant's attorney did not request a continuance, nor did he make a formal offer of proof as to what he believed Ms. Weiss' testimony would be. The trial court was correct in refusing to grant defendant's motion to dismiss the case or to grant defendant's motion for a mistrial.

There being no judgment error in any of the matters raised by defendant, we affirm the defendant's conviction and sentence.

AFFIRMED.