STATE OF NEBRASKA, APPELLEE, V. LARRY PRIBIL, APPELLANT.

395 N.W.2d 543

Filed October 31, 1986.    No. 86-113.

L.W. Kelly, Jr., of Kelly & Kelly, for appellant.

Robert M. Spire, Attorney General, and William L. Howland, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

The defendant, Larry Pribil, appeals a jury trial verdict in the district court for Holt County wherein he was found guilty of attempt to commit assault in the first degree. We affirm.

On July 1, 1985, LaVonne Pribil was at a friend's home in O'Neill, Nebraska, until approximately midnight. At that time Ms. Pribil drove out of O'Neill on Highway 281 toward her home. She noticed an automobile was following her. It pulled up beside her and began crowding her, forcing her to stop. She recognized that the other automobile belonged to her ex-husband, Larry Pribil, the defendant. The defendant got out of his car, came over to Ms. Pribil's car, and yanked open her car door. He tried to pull Ms. Pribil from the car, but she grabbed ahold of the steering wheel. He then grabbed ahold of her breast and started squeezing and pinching it. Defendant finally pulled her from her car and began to beat her with his fists in the head and neck area. He also kicked her in the back, legs, and ribs. He suddenly stopped beating her, returned to his car, and left the area.

Defendant was charged with first degree assault. At the close of the State's case in chief, defendant moved the court to dismiss the complaint, arguing that the State had failed to prove the element of serious bodily injury necessary for first degree assault. The motion was overruled.

At the close of all the evidence, a jury instruction conference was held. Apparently on its own motion, the court proposed and subsequently gave instructions Nos. 4 and 5, which submitted first degree, attempted first degree, and third degree assault to the jury. Defense counsel objected to those instructions insofar as they submitted the lesser-included offenses of attempted first degree assault and third degree assault to the jury. Those objections were overruled. The case was submitted to the jury, and a verdict of guilty to attempted

first degree assault was returned. A motion for new trial was filed and overruled.

Defendant raises two issues on appeal: (1) whether there was sufficient evidence of serious bodily injury to instruct the jury on first degree assault; and (2) whether it was proper for the district court to instruct the jury on the lesser-included offenses of attempted first degree assault and third degree assault when the defendant had objected to the giving of those instructions.

At the close of the State's case, defendant's counsel moved the trial court to dismiss the complaint, arguing that the State had offered no evidence to prove the existence of one of the material elements of first degree assault, that being the victim's serious bodily injury. See Neb. Rev. Stat. § 28-308 (Reissue 1985). The court could have granted that motion only if there was a total failure of competent proof to support "serious bodily injury" or if the testimony adduced was of so weak or doubtful a character that a conviction based thereon could not be sustained. See *State v. Rubek*, 220 Neb. 537, 371 N.W.2d 115 (1985).

In Neb. Rev. Stat. § 28-109(20) (Reissue 1985), serious bodily injury is defined as "bodily injury which involves a substantial risk of death, or which involves substantial risk of serious permanent disfigurement, or protracted loss or impairment of the function of any part or organ of the body." During the State's case, evidence was presented showing that as a result of the beating by the defendant, the victim suffered extensive tenderness and bruises on her neck and chest; scratch-type injuries and bruises on both breasts; skinned knees, ankles, and left arm; a fractured rib; limited range of motion of her neck; and some kidney trauma as evidenced by blood in her urine. She was hospitalized overnight and was in bed approximately a week, taking pain medication. A month after the beating, Ms. Pribil had to have a tooth extracted because it was split. There was evidence showing that the split tooth could have been caused either by the blow to the side of her head or by biting down on something hard.

Certainly such a beating resulting in those injuries is not a total failure of competent proof on the issue of "serious bodily injury." Contrary to defendant's argument, it is not necessary

that the injury *caused* death, or serious permanent disfigurement or impairment of the function of any part or organ of the body, but only that it *involved a substantial risk* of producing those results. Clearly, from a description of the nature and extent of the injuries inflicted, there was presented to the jury a fact question on that issue. The fact that the jury ultimately determined that the defendant was not guilty of first degree assault is totally irrelevant to the issue of whether there was sufficient evidence to submit the crime of first degree assault to the jury. First degree assault was properly submitted to the jury.

Before we address the second of the defendant's allegations of error, we must first address a threshold issue: that being whether third degree assault is a lesser-included offense of first degree assault. Third degree assault may be committed in a variety of ways. It may be accomplished by intentionally, knowingly, *or* recklessly causing bodily injury to another person, or by threatening another in a menacing manner. Neb. Rev. Stat. § 28-310 (Reissue 1985). To commit first degree assault one must intentionally *or* knowingly cause serious bodily injury to another. § 28-308.

The most recent definition of the term "lesser-included offense" appears in *State v. Murphrey*, 220 Neb. 699, 371 N.W.2d 702 (1985). Therein we said, quoting from *State v. Lovelace*, 212 Neb. 356, 322 N.W.2d 673 (1982): " ' "To be a lesser-included offense, the elements of the lesser offense must be such that it is impossible to commit the greater without at the same time having committed the lesser. . . ." ' " 220 Neb. at 702, 371 N.W.2d at 705. If the defendant in the instant case intentionally or knowingly caused serious bodily harm to the victim, he surely had intentionally or knowingly caused bodily harm to the victim so as to be guilty of third degree assault.

The confusion in identifying a lesser-included offense, if any exists, results from the additional explanatory language offered in *Lovelace* and countless cases before it: "In sum the lesser included offense is one all the elements of which are necessarily included in the greater." 212 Neb. at 359, 322 N.W.2d at 675. The argument is made that because third degree assault *may* be established by recklessly causing bodily injury to another, or by

threatening another in a menacing manner, these elements are not necessary to establish first degree assault; therefore, third degree assault is not a lesser-included offense.

Perhaps a more clear statement of that summary is found in *State v. McClarity*, 180 Neb. 246, 249, 142 N.W.2d 152, 154 (1966), in which we said: "When some of the elements of the crime charged in the information, without the addition of any element irrelevant to the original crime charged, *may* constitute another crime or crimes, such other crime or crimes are included within the crime charged." (Emphasis supplied.)

In other words, where, as here, the lesser offense may be simple assault committed in two or more independent ways, one may be a lesser-included offense even though the remaining types are not. *State v. Carmichael*, 405 A.2d 732 (Me. 1979).

However, the problem in this case is that the court, in charging the jury as to the material elements of the lesser-included crime of assault in the third degree, required the jury to find that the defendant intentionally, knowingly, or *recklessly* caused bodily injury to the victim. The definition of third degree assault as given to the jury took that crime out of the category of a lesser-included offense of first degree assault because it would have permitted the jury to find the defendant guilty of third degree assault if it found the defendant had recklessly caused bodily injury, an element not present in first degree assault.

It was error for the trial court to include within its definition of third degree assault bodily injury caused recklessly, because the nature of the charge in the information must be such as to give the defendant notice that he could at the same time face the lesser-included offense charge. *United States v. Whitaker*, 447 F.2d 314 (D.C. Cir. 1971). In other words, one who is informed upon and comes prepared to defend against an intentional or knowing act is not necessarily prepared to refute an allegation of reckless conduct. A quick reference to the horrendously complicated definition of the term "recklessly" contained in § 28-109(19) will make that painfully clear.

Nevertheless, erroneous though the instruction may be, we do not find that it constituted prejudicial error. Here, as in *State v. Murphrey*, 220 Neb. 699, 371 N.W.2d 702 (1985), the court

properly instructed the jury on attempt to commit assault in the first degree and then continued with language to the effect that if the jury finds beyond a reasonable doubt that the defendant was guilty of the greater crime, the lesser-included crime of third degree assault should not be considered.

> Since the jury found the defendant guilty of attempted burglary and the instruction told them not to consider the "lesser included offenses hereafter set forth," we find no prejudice in the instruction. We presume the jury followed the court's instruction and did not consider any of the purported lesser-included offenses after the defendant was found guilty of the primary charge against him.

*Id.* at 702, 371 N.W.2d at 705.

We now turn to the question of whether it is error to instruct the jury on a proper lesser-included offense over the objection of the defendant. Defendant, relying on *McConnell v. State*, 77 Neb. 773, 110 N.W. 666 (1906), argues that it was error for the trial court to have instructed the jury, over his objection, on the lesser-included offenses of third degree assault and attempted first degree assault. In *McConnell* the defendant was tried upon a charge of assault with intent to commit rape. He was found guilty. He argued to this court that the trial court erred in failing to instruct the jury, sua sponte, on the lesser offenses of assault and battery and simple assault. Quoting the third syllabus point from *Barr v. State*, 45 Neb. 458, 63 N.W. 856 (1895), we held:
" 'In a prosecution for a felony error cannot be predicated upon the failure of the trial court to define a lesser offense included in the crime charged, unless requested to do so.' "
*McConnell, supra* at 775, 110 N.W. at 667. Because McConnell had not requested such an instruction, he could not raise as error the failure of the trial court to instruct on those lesser included-offenses. That is still the law in Nebraska. *State v. Bell*, 194 Neb. 554, 233 N.W.2d 920 (1975).

We then went on to state in *McConnell, supra* at 775, 110 N.W. at 667:

> It may be said for this rule that it is not without reason for its support. It may happen that, where a defendant is charged with a heinous crime, and the evidence against him is slight, he would prefer to have the jury understand

that he must be found guilty of the particular crime charged, or else not guilty. For in such a case the jury might well refuse to convict of the heinous crime, and yet readily agree to find the defendant guilty of a lesser offense, amounting, perhaps, to no more than a misdemeanor. *By adhering to this rule we offer a defendant an opportunity to exercise his election, and have such an instruction by requesting the court to give it.* (Emphasis supplied.) Defendant argues that this language supports his contention and is controlling.

Defendant is correct in his assessment that the above language supports his argument, but is not correct in stating that the language is controlling. The holding in *McConnell* is merely that a defendant must request instruction on lesser-included offenses before he can argue on appeal that he should have had such instructions. The rest of the language in *McConnell* is dicta.

Moreover, the language in *McConnell* upon which defendant relies runs counter to the general duty of a trial court to instruct on the law in the case, whether requested to do so or not, *State v. Lamb*, 213 Neb. 498, 330 N.W.2d 462 (1983), and is expressly disapproved.

The propriety of instructing the jury on lesser-included offenses when the defendant objects to such a request has been raised in Nebraska, but never decided. See *State v. Lovelace*, 212 Neb. 356, 322 N.W.2d 673 (1982). The issue has, however, been decided in Michigan in the case of *People v Chamblis*, 395 Mich. 408, 236 N.W.2d 473 (1975). In that case the defendant was charged with armed robbery. The trial judge, over the defendant's objection, instructed the jury on the lesser offenses of unarmed robbery and larceny from the person. The jury found the defendant guilty of the lesser offense of larceny from the person. The court of appeals reversed the trial court. The Supreme Court of Michigan reversed the court of appeals and reinstated the jury conviction.

The Michigan Supreme Court first addressed the defendant's contention that it was error for the trial court to have instructed the jury on the lesser offenses over the defendant's objection. The court rejected the defendant's contention, stating:

Defense counsel's objection to the giving of the instruction on lesser included offenses is not controlling. It is the duty of the trial court to instruct the jury as to the law applicable to the case. [Citation omitted.] *Neither the defense nor the prosecution has the option of precluding the court from carrying out this duty in hopes of forcing an "all or nothing" verdict.*

(Emphasis supplied.) *Id.* at 415, 236 N.W.2d at 476. The reason for this rule was best stated by the California Supreme Court in *People v. Wickersham*, 32 Cal. 3d 307, 324, 650 P.2d 311, 319, 185 Cal. Rptr. 436, 444 (1982):

The fulfillment of this obligation ensures that the jury will consider the full range of possible verdicts—not limited by the strategy, ignorance, or mistakes of the parties. The jury should not be constrained by the fact that the prosecution and defense have chosen to focus on certain theories. "Just as the People have no legitimate interest in obtaining a conviction of a greater offense than that established by the evidence, a defendant has no right to an acquittal when that evidence is sufficient to establish a lesser included offense. . . ."

*Chamblis* did not, however, *require* the trial court to instruct sua sponte on lesser-included offenses.

We do not say here that a trial judge *must* instruct *sua sponte* on a lesser included offense, but simply that he *may* do so if the evidence adduced at trial would warrant conviction of the lesser charge and defendant has been afforded fair notice of those lesser included offenses.

(Emphasis in original.) 395 Mich. at 417, 236 N.W.2d at 477-78. *Chamblis* goes on to explain "fair notice" as follows:

To assure defendant's due-process rights to fair notice, the trial judge may not instruct on lesser included offenses over defendant's objection unless the language of the charging document "be such as to give the defendant notice that he could at the same time face the lesser included offense charge". *United States v. Whitaker*, 144 US App DC 344, 350; 447 F2d 314, 320 (1971).

395 Mich. at 418, 236 N.W.2d at 478.

Although we have discussed the duty of the trial court to

instruct on the law of the case whether requested to or not, we should point out that no error can be claimed for failure to instruct on a lesser-included offense where that instruction has been expressly waived by the defendant.

Either the State or the defendant may request a lesser-included offense instruction where it is supported by the pleadings and the evidence. However, absent such a request, it is not error for the trial court to fail to give such instruction even though warranted. The rationale for this conclusion is based on the rule that where the general charge as contained in the instructions fairly presents the case to the jury, error cannot be predicated on a failure to instruct on some particular phase of the case unless a proper instruction has been requested by the party complaining. See, *State v. Tamburano*, 201 Neb. 703, 271 N.W.2d 472 (1978); *State v. Lynch*, 196 Neb. 372, 243 N.W.2d 62 (1976).

We therefore hold that it is not error for a trial court to instruct the jury, over the defendant's objection, on any lesser-included offenses supported by the evidence and the pleadings. This holding is consistent with our decision in *State v. Lamb*, 213 Neb. 498, 330 N.W.2d 462 (1983), in which we stated that it was not error for a trial court to instruct a jury, over the defendant's objection, on the defense of intoxication.

The judgment of the district court is affirmed.

AFFIRMED.

KRIVOSHA, C.J., dissenting.

I must respectfully dissent from the majority opinion in this case. I do so because I do not believe that the provisions of Neb. Rev. Stat. § 28-310(1)(a) (Reissue 1985) can be dissected to the extent that the majority has done. The term "reckless" cannot be removed from the phrase "intentionally, knowingly." Therefore, under our holdings in *State v. Lovelace*, 212 Neb. 356, 322 N.W.2d 673 (1982), and *State v. Vosler*, 216 Neb. 461, 345 N.W.2d 806 (1984), assault in the third degree is not a lesser-included offense of first degree assault. Specifically, in *State v. Lovelace, supra* at 359, 322 N.W.2d at 675, we defined a lesser-included offense as

"one which is necessarily established by proof of the greater offense. Fuller v. United States, 407 F.2d 1199. To

be a lesser included offense, the *elements* of the lesser offense must be such that it is impossible to commit the greater without at the same time having committed the lesser. Certain v. State, 261 Ind. 101, 300 N.E.2d 345. In sum the lesser included offense is one *all* the elements of which are necessarily included in the greater. See, State v. Jones, 186 Neb. 303, 183 N.W.2d 235; State v. McClarity, 180 Neb. 246, 142 N.W.2d 152." See, also, *State v. White*, 209 Neb. 218, 306 N.W.2d 906 (1981).

(Emphasis supplied.)

The majority recognizes this rule but attempts to get around it by simply providing that the reckless portion of assault in the third degree may be disregarded when attempting to determine if it is a lesser-included offense of assault in the first degree. But our holding in *State v. Lovelace, supra,* required that all the elements of the lesser must be present in determining the greater. So long as reckless is a part of the offense and one of the elements, then the lesser-included offense is not one all the elements of which are necessarily included in the greater.

I am simply unaware of any authority that permits us to disregard a part of the statute as we have in the instant case. Whether one had committed an act knowingly and intelligently or simply recklessly is a question of fact to be determined by a jury and not one which the court in the first instance should direct.

Looking at the problem from the other end perhaps makes the problem even clearer. It has long been the rule in this jurisdiction that if one is charged in the language of the statute, the complaint is sufficient. See, *State v. Lingle*, 209 Neb. 492, 308 N.W.2d 531 (1981); *State v. Lauver*, 26 Neb. 757, 42 N.W. 762 (1889). Therefore, one may be charged with the offense of third degree assault by simply alleging that the defendant did "intentionally, knowingly, or recklessly" cause bodily injury to another. I cannot imagine that if a defendant filed a motion requiring the State to elect whether it intended to prove the defendant had committed the assault knowingly and intentionally, as opposed to recklessly, we would sustain such a motion. And yet, we have, by our majority opinion here today, created what appear to be separate offenses. Moreover, without

authority to do so, we have interpreted the act to reach our goal. This we should not have done. We have long held that a statute which is clear and unambiguous requires no interpretation. In *NC+ Hybrids v. Growers Seed Assn.*, 219 Neb. 296, 302, 363 N.W.2d 362, 366 (1985), we said: "Generally, a statute is not read as automatically requiring judicial construction. Where the words of a statute are plain, direct, and unambiguous, no interpretation is needed to ascertain the meaning." See, also, *Little Blue N.R.D. v. Lower Platte North N.R.D.*, 206 Neb. 535, 294 N.W.2d 598 (1980); *State v. Adkins*, 196 Neb. 76, 241 N.W.2d 655 (1976). There is nothing ambiguous about the statute defining assault in the third degree which requires us to interpret it or to conclude that there are various elements of the statute which can, for some purposes, be disregarded, except, apparently, our desire to make assault in the third degree a lesser-included offense of assault in the first degree— sometimes. The instruction was in error, and requires us to reverse and remand the matter.