STATE OF NEBRASKA, APPELLEE, V. SIDNEY BRITT, APPELLANT.
493 N.W.2d 631

Filed September 1, 1992.   No. A-91-427.

Thomas M. Kenney, Douglas County Public Defender, Brian S. Munnelly, and Scott C. Sladek, for appellant.

Don Stenberg, Attorney General, and Donald A. Kohtz for appellee.

SIEVERS, Chief Judge, and HANNON and WRIGHT, Judges.

SIEVERS, Chief Judge.

## INTRODUCTION

In this criminal case, reversal in part is required because of

the failure to properly apply the lesser-included offense doctrine.

Sidney Britt was charged with felony child abuse, assault in the second degree, and possession of a firearm by a felon. See Neb. Rev. Stat. §§ 28-707, 28-309(1), and 28-1206 (Reissue 1989). Britt was also charged with three counts of being a habitual criminal. See Neb. Rev. Stat. § 29-2221 (Reissue 1989). Britt pled not guilty to the charges. On February 6, 1991, after a jury trial in the district court for Douglas County, Britt was convicted of second degree assault, of being a felon in possession of a firearm, and of negligent child abuse, the lesser-included offense of felony child abuse. On April 16, 1991, an enhancement hearing was held on the habitual criminal charges. The district court found that Britt was a habitual criminal, having been convicted two or more times in courts of the United States of felonies with sentences imposed of not less than 1 year each. Britt was subsequently sentenced by the district court as follows: count I, negligent child abuse, 6 months; count III, assault in the second degree, 14 to 18 years; count V, possession of a firearm by a felon, 10 years; and three counts of contempt of court, 2 months each. The sentences for counts III and V were enhanced because of Britt's habitual criminal status. The sentence on count III was to be served consecutively to the sentence for count I. The sentence for count V was to be served concurrently with the sentences for counts I and III. The sentences for the three counts of contempt of court were to be served consecutively to all previously imposed sentences. Britt was also assessed the costs of the prosecution and was given credit for time served. This appeal followed.

## FACTUAL BACKGROUND

On September 8, 1990, the defendant, Sidney Britt, went to Dailey's Liquor Store in Omaha, Nebraska. Denise Britt, Sidney's estranged wife, was planning to spend the evening with two of her friends, Rita Sylvan and Barbara Heath. Coincidentally, the three women went to Dailey's Liquor Store in Sylvan's car. Denise and Sidney's two sons, Joshua, age 2, and Sidney, Jr., age 9, were also in Sylvan's car with Denise.

Sidney and Denise began arguing in the parking lot of the liquor store. The argument escalated, and Denise testified that she pulled a .22-caliber handgun out of her purse and loaded it because she was afraid of Sidney. Denise, Sylvan, and Heath testified that Sidney picked up 2-year-old Joshua and used him as a "human shield" when Denise pointed the gun at Sidney. Denise fired the gun once at Sidney's feet, but missed him. After Denise fired the gun, Sidney and Denise struggled, and he ended up with the pistol. Denise, Sylvan, and Heath testified that Sidney beat Denise with his fists and kicked her with his feet. Denise also testified that Sidney fired the gun at her head, but missed. Denise and Heath testified that Sidney pistol-whipped Denise with the gun. Sidney testified that although he did hit and kick Denise, he did not hit her with the gun. Carlos Daniels testified that he was across the street and witnessed the altercation and that he did not see Sidney hit Denise with the gun.

Omaha police officers Bryan Bogdanoff and Jeffrey Saalfeld testified that when they arrived at the scene they saw Sidney repeatedly kicking Denise in the head. Denise was bleeding profusely at the scene and was hospitalized for her injuries. The officers further testified that Sidney pointed the gun at them, while using Joshua as a human shield. Sidney was subsequently disarmed and arrested.

## ASSIGNMENTS OF ERROR

On appeal, Sidney argues that the district court committed reversible error by refusing to instruct the jury, as he had requested, on the crime of third degree assault, which he claims is the lesser-included offense of second degree assault. Sidney also argues that the district court erred by finding that his prior convictions were valid for purposes of the habitual criminal statute.

## LESSER-INCLUDED OFFENSE

The amended information charged Sidney with the offense of assault in the second degree, as it alleged that he "intentionally or knowingly cause[d] bodily injury to Denise Britt with a dangerous instrument," under § 28-309(1). A person commits the offense of assault in the third degree if he or

she "[i]ntentionally, knowingly, or recklessly causes bodily injury to another person; or [t]hreatens another in a menacing manner." Neb. Rev. Stat. § 28-310(1) (Reissue 1989). In the jury instructions requested by Sidney, both degrees of assault were described as "intentionally or knowingly," and thus, the degree of intent was the same in each. "Recklessly" was not alleged in the information. Therefore, the only difference in the elements of the two degrees of assault is that the greater offense, second degree assault, requires that the injury be caused "with a dangerous instrument," whereas the lesser offense, third degree assault, does not require the use of an instrument.

There is no doubt that Denise was injured or that Sidney inflicted the injuries. He testified and admitted to striking and hitting her. There was evidence that Sidney used the pistol to beat Denise, but there was also evidence that although he did beat her, he did so without using the pistol.

Sidney's proffered instruction required that the jury first find him not guilty of the crime of assault in the second degree before considering "the lesser included offense of assault in the third degree," which it then defined. The trial court refused the requested instruction for third degree assault as a lesser-included offense, saying:

> [T]here are two different kinds of assaults and injuries committed upon the victim here. Specifically charged by the State is an injury caused by the employment of a dangerous instrument, in this case the gun. Other injuries and assaults were committed by the feet and the fists. The defendant was charged with only one.

The district court reasoned that it would have been erroneous to instruct on third degree assault when Sidney had not been charged with that offense. Therefore, we must revisit the fundamental principles of the lesser-included offense doctrine.

Whether a particular offense is a lesser offense included in the offense with which the defendant is charged is determined by examining the allegations in the information and the evidence offered in support of the charge. *State v. Garza*, 236 Neb. 202, 459 N.W.2d 739 (1990); *State v. Hoffman*, 1 NCA 370 (1992). When some of the elements of a crime charged in the information, without addition of any element irrelevant to the

original crime charged, may constitute another crime, such other crime is included within the crime charged in the information. *Id.*

It is not error to refuse a jury instruction on a lesser-included offense unless, on a different but reasonable view, the evidence is sufficient to establish guilt of the lesser offense and also leave a reasonable doubt as to some particular element included in the greater offense but not the lesser. *State v. Tamburano*, 201 Neb. 703, 271 N.W.2d 472 (1978). Sidney's requested instruction included the concept from *Tamburano* that there must be reasonable doubt as to an element of second degree assault, but not as to any element of third degree assault, in order to acquit on the greater charge and convict on the lesser.

The material elements of second degree assault under § 28-309(1) are (1) intentionally, knowingly, or recklessly (2) causing bodily injury (3) to another person (4) with a dangerous instrument. The material elements of assault in the third degree under § 28-310(1) are (1) intentionally, knowingly, or recklessly (2) causing bodily injury (3) to another person. The difference in the offenses is simply whether the injury is caused with a dangerous instrument. It obviously matters greatly to the accused, as second degree assault is a Class IV felony, whereas third degree assault is a Class I misdemeanor.

Applying the test from *Garza*, it is clear that some of the elements of second degree assault, without the addition of any element irrelevant to second degree assault, may also constitute third degree assault. Proving the first three elements of second degree assault, set forth above, also proves third degree assault. If one removes the element of "with a dangerous instrument," then the two offenses are identical. Thus, the *Garza* test is clearly satisfied and assault in the third degree is a lesser-included offense of assault in the second degree. However, as was pointed out in *Tamburano*, applied by this court in *Hoffman*, it is not error to refuse a jury instruction on a lesser-included offense unless, under a different but reasonable view, the evidence is sufficient to establish guilt of the lesser offense and also leave reasonable doubt as to some particular element included in the greater offense but not the lesser.

In the instant case, this would mean that there must be

evidence to establish that Sidney, although intentionally or knowingly inflicting injury upon Denise, did not do so with a dangerous instrument, the pistol, or at least that there was evidence which would create reasonable doubt as to whether the pistol was used to cause bodily injury.

Sidney testified and admitted to striking his wife with his fists and even his feet, but he denied use of the pistol. There was also a witness, Daniels, who supported Sidney's version of these events. The victim and her friend Heath said that Sidney used the pistol to strike Denise. Daniels, Sidney's supporting witness, admitted to four to six convictions for giving false information. One of the women testifying in support of Denise's version admitted to an immediate dislike of Sidney upon meeting him, which dislike had continued for several years. Sidney and Denise were estranged. The resolution of the credibility issues inherent in the conflicting testimony was for the jury.

The trial court cast the assault portion of this trial in an "all or nothing" posture, rationalizing that there was more than one assault and injury and that since Sidney had not been charged with the lesser assault, giving the requested instruction could result in a conviction for a crime for which Sidney had not been charged. The court explained its refusal by asserting that it would be "plain error for the Court to allow the defendant to be convicted of a crime with which he has not been charged." This reasoning runs counter to the pronouncements of the Nebraska Supreme Court on the lesser-included offense doctrine. A trial court has a general duty to instruct on the law in the case, whether requested to do so or not. See *State v. Lamb*, 213 Neb. 498, 330 N.W.2d 462 (1983). In this case, Sidney requested the instruction, and there was no objection from the prosecution, but the instruction was, nonetheless, refused by the trial court.

In *State v. Pribil*, 224 Neb. 28, 395 N.W.2d 543 (1986), the court relied upon *People v Chamblis*, 395 Mich. 408, 236 N.W.2d 473 (1975), which stated:

"Defense counsel's objection to the giving of the instruction on lesser included offenses is not controlling. It is the duty of the trial court to instruct the jury as to the law applicable to the case. [Citation omitted.] *Neither the defense nor the prosecution has the option of precluding*

> *the court from carrying out this duty in hopes of forcing an 'all or nothing' verdict."*

(Emphasis supplied in *Pribil*.) *Pribil*, 224 Neb. at 35, 395 N.W.2d at 548-49.

In *Pribil*, the court also relied upon the California Supreme Court's reasoning in *People v. Wickersham*, 32 Cal. 3d 307, 650 P.2d 311, 185 Cal. Rptr. 436 (1982):

> "The fulfillment of this obligation ensures that the jury will consider the full range of possible verdicts—not limited by the strategy, ignorance, or mistakes of the parties. The jury should not be constrained by the fact that the prosecution and defense have chosen to focus on certain theories. 'Just as the People have no legitimate interest in obtaining a conviction of a greater offense than that established by the evidence, a defendant has no right to an acquittal when that evidence is sufficient to establish a lesser included offense. . . .' "

*Pribil*, 224 Neb. at 35, 395 N.W.2d at 549.

Therefore, the Nebraska Supreme Court held in *Pribil* that it was not error for a trial court to instruct the jury, over the defendant's objection, on any lesser-included offenses supported by the evidence and the pleadings. In *Pribil*, the court observed that due process rights to fair notice would preclude the lesser-included offense instruction over defendant's objection, unless the charging document was such that the defendant had notice that he could face the lesser-included offense. In the instant case, fair notice was not a concern, as the defendant requested an instruction on a lesser-included offense, and it was the trial court, by its denial of the defendant's request, which forced an "all or nothing" verdict. Accordingly, the instant case turns on *when the trial court is required* to give the lesser-included offense instruction. In our view, the answer is found in *State v. Costanzo*, 227 Neb. 616, 419 N.W.2d 156 (1988), which states, "*Pribil* stands for the proposition that a court sua sponte *may* give a lesser-included offense instruction, but it is not required to do so unless the evidence warrants it and a party requests it." *Costanzo*, 227 Neb. at 626, 419 N.W.2d at 164.

Therefore, if the *Garza* definition of a lesser-included

offense is satisfied; if *Tamburano* is satisfied by evidence which would create reasonable doubt as to an element of the greater offense, but not the lesser; and if the defendant requests the instruction, then the trial court is required to give the lesser-included offense instruction.

Sidney requested the lesser-included offense instruction, and in our view, there was evidence to warrant it. He personally testified to striking Denise, but denied using the pistol to do so. His version was supported by a witness. There was no expert medical testimony to establish that the injury sustained by Denise was one which could only be inflicted from being struck by the pistol. In fact, there was no expert medical testimony about Denise's injuries or their causation. The fact of bodily injury was proven only by evidence of profuse bleeding and Denise's testimony that she required sutures. Accordingly, there was no competent evidence upon which to conclude that Denise's injuries *could only* be sustained by a pistol whipping. The trial court's conclusion that there were injuries from separate assaults was not supported by the evidence.

The decision in *State v. Tamburano*, 201 Neb. 703, 271 N.W.2d 472 (1978), used the Minnesota Supreme Court's reasoning in *State v. McDonald*, 312 Minn. 320, 251 N.W.2d 705 (1977): " 'The test which must be applied in determining whether or not to submit a lesser-included offense is whether there is evidence which produces a rational basis for a verdict acquitting defendant of the offense charged and convicting him of the lesser offense.' " *Tamburano*, 201 Neb. at 707, 271 N.W.2d at 474.

*Tamburano* requires the trial court to assess the rationality of a guilty verdict on the proposed lesser-included offense in light of the evidence received at trial. In this case, a verdict on second degree assault would not be irrational unless there was medical evidence that Denise's injuries *could only have been inflicted by a beating with a pistol*, and there was no such evidence. Therefore, whether the pistol was used to inflict the bodily injuries which Denise suffered was for the jury's determination. If the jury concluded that the pistol was not used, then third degree assault would have been the appropriate conviction, since she was injured and he admitted striking her. Sidney

requested an instruction on this lesser-included offense, and it should have been given. It was obviously prejudicial not to so instruct, given the lesser penalties for this lesser offense. Since the instruction was not given, we reverse the judgment of conviction for second degree assault and remand the matter for a new trial on the assault charge against Sidney.

## HABITUAL CRIMINAL

The amended information against Sidney alleged that he was a habitual criminal. The amended information alleged a guilty plea and commitment in excess of 1 year for the offense of escape from a penal institution in the State of Massachusetts in 1978 and a conviction for assault in the first degree in the State of Colorado, with a sentence of 12 years. The essence of the habitual criminal statute, § 29-2221, is that one who has twice been convicted of a crime and committed for terms of at least 1 year on each shall then be punished, upon a conviction in this state of another felony, by a term of not less than 10 nor more than 60 years.

Following Sidney's conviction by the jury in this case, the district court held proceedings at which the State introduced exhibit 3, which showed a conviction on March 29, 1982, for assault in the first degree in the State of Colorado, followed by a sentence of 12 years in the Colorado Department of Corrections. No assignment of error is made, nor is any argument advanced, that the Colorado conviction is not sufficient for habitual criminal purposes. Accordingly, we turn to the other conviction used by the State for habitual criminal purposes.

The evidence establishes that an indictment was returned against Sidney in the State of Massachusetts on May 14, 1976, charging him with escape from a penal institution. Defendant's argument here is that the evidence at the trial court level did not establish that Sidney had counsel when he was sentenced for that charge and, further, that there was insufficient proof of commitment for a term of 1 year or more on the Massachusetts charge.

The rule is that to prove a prior conviction for habitual criminal proceedings, the State need only establish that at the

time of the prior conviction, the defendant had or waived counsel. *State v. Groves*, 239 Neb. 660, 477 N.W.2d 789 (1991).

The State establishes a prima facie case of a prior, counseled conviction for enhancement purposes by producing appropriate record evidence which discloses that at a critical point in the proceedings—arraignment, trial, conviction, or sentencing—the defendant had either intelligently and voluntarily waived counsel or in fact was represented by counsel at one of those times. See, *State v. Green*, 238 Neb. 328, 470 N.W.2d 736 (1991); *State v. Dyke*, 231 Neb. 621, 437 N.W.2d 164 (1989). The appropriate record evidence of such prior conviction and commitment is a duly authenticated copy thereof. Neb. Rev. Stat. § 29-2222 (Reissue 1989).

Although Sidney now argues that exhibit 4 was not properly authenticated or certified, this objection was not made to the district court. The objection stated to the district court was as follows:

> My objection on Exhibit 4 goes to the counsel issue, and on both exhibits [meaning exhibit 4 as well as exhibit 6, which consists of the records regarding Sidney on file at the Suffolk County House of Correction, Deer Island Prison, Winthrop, Massachusetts] to the question of whether there is a valid order of commitment, whether the journal entry constitutes a valid order of commitment.

An objection which is based on a specific ground and properly overruled does not preserve an evidential question for appellate review on any other ground. *State v. Juhl*, 234 Neb. 33, 449 N.W.2d 202 (1989). Accordingly, we deal only with the objection made to the trial court, and not with any claim of inadequate authentication of exhibit 4.

In the hearing on the habitual criminal charges, Sidney testified that at the time he was sentenced in Massachusetts, he did not have a lawyer present with him. Exhibit 4, certified as a "true copy of the record of the Superior Court Department of the Trial Court, for the Transaction of Criminal Business" of the Commonwealth of Massachusetts, recites that on July 7, 1976, Sidney was in court for the reading of the indictment with "J. Laymon, Attorney for defendant." On July 29, Sidney was present in court for a waiver of the reading of the indictment

and to enter a not guilty plea, and the record recites "L. Woltman, Attorney for defendant." On August 17, the record recites that Sidney was "[b]rought into Court - defendant offers to plead guilty. After hearing, Court accepts defendant's offer. Defendant pleads guilty." A sentence was imposed and suspended, with probation being granted. The record shows an appearance at the August 17 proceeding by "K. Keating, Attorney for defendant." The record also shows that on August 5, the court had previously appointed "Kevin Keating, Esquire to represent defendant under Rule 53."

The trial court found that in the Massachusetts proceeding, Sidney was represented at one time or another by various lawyers, and the trial court further rejected the testimony of Sidney that "he was not represented by counsel at the times he says he was not represented. The record is perfectly clear." As a result, the court found that Sidney had been committed for felonies two or more times with sentences imposed of 1 year or more on each. Thus, the trial court found Sidney to be a habitual criminal.

The Massachusetts conviction is challenged only for lack of counsel at the time of the guilty plea. However, even if Sidney's testimony were true, it is clear and uncontroverted that Sidney had counsel at other crucial stages, including but not limited to arraignment. In addition, the trial court was free to reject Sidney's testimony as to what happened in 1976, and we note that in the habitual criminal proceedings, Sidney admitted to being convicted of numerous felonies. In choosing to accept the printed and certified record from Massachusetts over Sidney's testimony, the trial court was certainly not acting in an untenable and illogical fashion. Thus, there was no abuse of discretion by the court. See State v. Thomas, 238 Neb. 4, 468 N.W.2d 607 (1991).

The records referred to previously from the Superior Court in Massachusetts with respect to the indictment of May 14, 1976, for escape from a penal institution show an apparent failure of the probation sentence, with the result being that on November 21, 1977, Sidney was sentenced to 2½ years' imprisonment at the House of Correction of Suffolk County. The certified records from that institution, exhibit 6, show that

Sidney was incarcerated on November 21, 1977, under that 2¹/₂-year sentence, where he remained until July 5, 1978, when he escaped. The objections concerning the evidence offered in support of the habitual criminal charges were properly overruled, and therefore, the assignment of error in this court is without merit.

## CONCLUSION

The convictions and the sentences for negligent child abuse and possession of a firearm by a felon, as well as the three counts of contempt of court, are affirmed. The judgment of conviction for assault in the second degree is reversed and set aside, and the sentence of 14 to 18 years' imprisonment is vacated. The matter is remanded to the district court for Douglas County for a new trial on the assault charge in accordance with this opinion.

AFFIRMED IN PART, REVERSED AND VACATED IN PART, AND REMANDED FOR A NEW TRIAL.