STATE OF NEBRASKA, APPELLEE, V. KIRK R. MAEDER, APPELLANT.
428 N.W.2d 180

Filed August 19, 1988.   No. 87-960.

Robert C. Wester, Assistant Sarpy County Public Defender, for appellant.

Robert M. Spire, Attorney General, and Susan M. Ugai for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

HASTINGS, C.J.

The defendant pled guilty to kidnapping and first degree sexual assault in connection with an incident in Sarpy County. He was sentenced to 15 to 25 years' imprisonment on each count, the sentences to run consecutively. He appeals from the judgment and sentencing.

On October 4, 1986, the 16-year-old victim walked to her car from the Richman Gordman store in Sarpy County, where she had been working. As she entered her car, the defendant approached, pointed a gun at her, and told her to get in the passenger seat. He forced her head down and threw a coat over her so that she could not see. He drove her to an area on Giles Road, all the while threatening to kill her if she looked up. Her

570

eyes were taped shut. He told her to take off her pants and underwear and to pull up her shirt, which she did. He briefly fondled her breasts, and then put his fingers into her vagina. He unzipped his pants and forced her to rub his penis and put his penis into her mouth. He forced her to get on her hands and knees, he put a cold, creamy substance in her vaginal area, and he attempted to penetrate her with his penis. She was forced to rub his penis again until he ejaculated. He then drove her back to the parking lot, reminding her that he knew where she lived and that he would kill her if she told the police.

The defendant was subsequently charged with kidnapping, first degree sexual assault, and use of a firearm to commit a felony. Pursuant to an agreement with the State, the defendant pled guilty to kidnapping and sexual assault, and the firearm charge was dismissed. After a presentence investigation was completed, the court sentenced the defendant to 15 to 25 years' imprisonment on each count, the sentences to run consecutively.

The errors assigned are that (1) the court's acceptance of the defendant's guilty pleas to both the kidnapping and sexual assault charges, which arose out of one continuous transaction, subjected the defendant to double jeopardy, and (2) the sentences were excessive.

The defendant asserts that he was subjected to multiple punishments for the same offense. Since "there could not have been a conviction for kidnapping without proving the elements of the felony (rape) . . . these two crimes were the 'same' and the rape conviction should be vacated." Brief for appellant at 6. The defendant asserts that the present kidnapping statute clearly makes first degree sexual assault a lesser-included offense of kidnapping.

On the other hand, the defendant attempts to argue that kidnapping is a lesser-included offense of first degree sexual assault. Sexual assault, contends the defendant, "almost by definition includes restraint of the victim [and therefore] merges with kidnapping . . . ." *Id.* at 8.

Regardless of whether these arguments have merit, the defendant is precluded by a longstanding rule of this court from raising the double jeopardy issue on appeal. " 'A voluntary

guilty plea waives every defense to the charge, whether the defense is procedural, statutory, or constitutional.' " *State v. Rivers*, 226 Neb. 353, 356, 411 N.W.2d 350, 353 (1987), citing *State v. Paulson*, 211 Neb. 711, 320 N.W.2d 115 (1982). The only apparent exceptions to this rule, which are not applicable here, are the defenses that the information, indictment, or complaint is insufficient to charge an offense, *State v. Kennedy*, 224 Neb. 164, 396 N.W.2d 722 (1986), and *State v. Golgert*, 223 Neb. 950, 395 N.W.2d 520 (1986), and that the guilty plea was the result of ineffective assistance of counsel, *State v. Stranghoener*, 212 Neb. 203, 322 N.W.2d 407 (1982). "If, therefore, defendant's plea was understandingly and voluntarily made, he has waived his other alleged defenses . . . ." *State v. Mason*, 187 Neb. 675, 193 N.W.2d 576, 577 (1972).

The court carefully and exhaustively explained to the defendant his legal rights and the possible consequences of his guilty pleas. The court specifically instructed the defendant that "if I accept the pleas of guilty to these offenses, that you waive any defenses at all that you have to these two charges . . . ." Based on this discussion and the defendant's affirmative responses, the court then found that "you [the defendant] understand these charges, the penalties, your constitutional rights, consequences of entering these pleas of guilty, and that your guilty pleas are given voluntarily, freely, intelligently, with advice of counsel, and they have a factual basis." As the guilty pleas were knowingly and voluntarily made, the defendant has waived his defenses to the charges.

Even if this court were to consider the defendant's double jeopardy argument as a defense, the issue is without merit. That is, there is no merit to the argument that sexual assault is a lesser-included offense of kidnapping or that kidnapping is a lesser-included offense of sexual assault.

The rule regarding lesser-included offenses was recently stated in *State v. Pribil*, 224 Neb. 28, 395 N.W.2d 543 (1986). Quoting from *State v. Murphrey*, 220 Neb. 699, 371 N.W.2d 702 (1985), and *State v. Lovelace*, 212 Neb. 356, 322 N.W.2d 673 (1982), this court stated, " ' " 'To be a lesser-included offense, the elements of the lesser offense must be such that it is impossible to commit the greater without at the same time

having committed the lesser. . . .' " ' " *State v. Pribil, supra* at 31, 395 N.W.2d at 547.

The crime of kidnapping is set forth in Neb. Rev. Stat. § 28-313 (Reissue 1985), and provides: "(1) A person commits kidnapping if he abducts another or, having abducted another, continues to restrain him with intent to do the following: . . . (c) Terrorize him . . . or (d) Commit a felony . . . ." It is clear from the statute that it was quite possible to commit kidnapping without at the same time committing rape. The defendant points to subsection (1)(d) when he states, "Clearly, in the instant case there could not have been a conviction for kidnapping without proving the elements of the felony (rape)," brief for appellant at 6, but proof of the commission of a felony is not a necessary element of kidnapping. In the present case, the kidnapping charge was supported by evidence of subsection (1)(c); the facts reveal that the defendant terrorized the victim by pointing a gun at her and threatening to kill her.

By the same token, kidnapping is not a lesser-included offense of first degree sexual assault. Neb. Rev. Stat. § 28-319 (Reissue 1985) provides: "(1) Any person who subjects another person to sexual penetration and (a) overcomes the victim by force, threat of force, express or implied, coercion, or deception . . . is guilty of sexual assault in the first degree." The defendant argues that kidnapping must "merge" with this offense because sexual assault cannot occur without restraint of the victim. However, it is *not* " ' " 'impossible to commit the greater [sexual assault] without at the same time having committed the lesser [kidnapping]. . . .' " ' " *State v. Pribil, supra* at 31, 395 N.W.2d at 547. Sexual assault may occur without the abduction necessary for proof of kidnapping. Abduction involves taking the victim away from her present location, while sexual assault does not necessarily involve such removal.

In *State v. Schmidt*, 213 Neb. 126, 327 N.W.2d 624 (1984), the defendant was convicted of kidnapping and attempted murder after he drove his wife to a secluded area, dragged her into the woods, and tied a rope around her neck. He assigned as error the trial court's finding that he was guilty of kidnapping, "in that the kidnapping was simply a part of another offense."

*Id.* at 131, 327 N.W.2d at 627. This court rejected his contention:

> This argument has been presented to this court on previous occasions and rejected. In *State v. Pankey*, 202 Neb. 595, 598, 276 N.W.2d 233, 235 (1979), quoting from *State v. Goham*, 187 Neb. 34, 187 N.W.2d 305 (1971), we said: " 'The purpose of kidnapping in every instance is to make it possible to commit some other crime. Its very nature therefore embraces other crimes as well as that of kidnapping. The penalties of kidnapping are intentionally more severe than the other crimes which may be included because of the consequences which often result from its perpetration.' " The evidence in this case established a classic kidnapping violation. That violation occurred even before anything more took place. One may not erase the commission of a crime simply because, after committing the crime, a second crime is committed.

*State v. Schmidt, supra* at 131, 327 N.W.2d at 627. Similarly, the defendant's assignment of error in the present case is found to be without merit.

The court sentenced the defendant to 15 to 25 years' imprisonment on each count, the sentences to run consecutively. The defendant argues that these sentences are excessive in light of his "young age, relatively clean record, mental illness, chemical dependency, and sexual problems . . . ." Brief for appellant at 9.

> This court has repeatedly held, "where the punishment of an offense created by statute is left to the discretion of the court to be exercised within certain prescribed limits, a sentence imposed within such limits will not be disturbed on appeal unless there appears to be an abuse of discretion."

*State v. Moreno*, 228 Neb. 210, 218, 422 N.W.2d 56, 62 (1988).

The defendant was convicted of first degree sexual assault, a Class II felony under § 28-319. Neb. Rev. Stat. § 28-105 (Reissue 1985) provides that a Class II felony is punishable by a minimum of 1 and a maximum of 50 years in prison. The sentence of 15 to 25 years on that count was well within the statutory range of 1 to 50 years.

The defendant was also charged and convicted under § 28-313(3), which provides that kidnapping is a Class II felony when the victim has not suffered serious bodily injury. Once again, the sentence of 15 to 25 years on this count was well within the statutory range of 1 to 50 years for a Class II felony.

> In imposing a sentence a trial court should consider inter alia the defendant's age, mentality, education, experience, and social and cultural background, as well as his past criminal record or law-abiding conduct, motivation for the offense, nature of the offense, and the amount of violence involved in the commission of the crime.

*State v. Moreno, supra* at 218, 422 N.W.2d at 62. Furthermore, "[t]he seriousness of the offense is an important factor in the setting of a sentence," and "[e]vidence as to a defendant's life, character, or previous conduct is highly relevant to the determination of a proper sentence." *Id*. at 218-19, 422 N.W.2d at 62.

The defendant was 27 years old at the time of the crime. He graduated from high school and attended roughly the equivalent of 2 years of college at various facilities. He apparently comes from a caring, supportive family, but nevertheless has been in trouble with the law since at least 1980. His prior convictions include theft by unlawful taking and soliciting prostitution (twice). He has a history of drug and alcohol abuse, and his discharge from the Navy stemmed from his problems with drugs. There was no evidence of mental illness or incompetency.

The offense itself was violent. The defendant repeatedly threatened and terrorized the victim with a gun. He told her several times that he would kill her. The victim, a 16-year-old, was forced at gunpoint to perform several sexual acts with the defendant. Although she did not suffer permanent physical injury, the psychological trauma will undoubtedly be with her for a very long time. She was unable to sleep alone for many weeks after the crimes, she had to sell her car because she could not bring herself to drive it again, and she needed extensive counseling. Her entire family has suffered as a result of her ordeal; even her younger brother and sister showed a marked

drop in their grades at school.

Although the defendant now professes to have turned his life around and has eliminated drugs and alcohol (which he feels were the root of his problems) from his life, the court nevertheless was correct in finding that lesser sentences would have depreciated the seriousness of the defendant's actions or promoted disrespect for the law.

Given the nature of the defendant's acts and the statutory limits for the punishment of the offenses, it cannot be said that the sentences imposed by the trial court were an abuse of discretion.

The judgment of the district court is affirmed.

AFFIRMED.