STATE OF NEBRASKA, APPELLEE, V. DANIEL J. START, APPELLANT.
477 N.W.2d 20

Filed November 22, 1991. No. 90-656.

Dennis R. Keefe, Lancaster County Public Defender, and Scott P. Helvie for appellant.

Don Stenberg, Attorney General, Susan M. Ugai, and J. Kirk Brown for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

This is a criminal appeal case in which the defendant-appellant, Daniel J. Start, was originally charged in a four-count information in the Lancaster County District Court with robbery, in violation of Neb. Rev. Stat. § 28-324(1) (Reissue 1989); operating a motor vehicle to avoid arrest, in violation of Neb. Rev. Stat. § 28-905 (Reissue 1989); assault on an officer in the third degree, in violation of Neb. Rev. Stat. § 28-931 (Reissue 1989); and attempted assault on an officer in the second degree, in violation of Neb. Rev. Stat. §§ 28-201 and 28-930 (Reissue 1989). As part of a plea agreement, the State amended count I of the information to attempted robbery, in violation of §§ 28-201 and 28-324(1), and dismissed count II, operating a motor vehicle to avoid arrest. The State also agreed to dismiss a felony escape charge pending against Start in another case. In return, Start pled guilty to attempted robbery and no contest to both the third degree assault and the attempted second degree assault counts, as well as agreeing to plead guilty to charges of robbery and theft pending against him in Douglas County.

Prior to accepting Start's pleas the court explained Start's legal rights and the consequences of his pleas. Start was specifically instructed that no contest pleas are treated the same as guilty pleas for purposes of sentencing and that the court could order that any sentence imposed be served consecutively. Start was asked whether he understood what the State would have to prove for each charge to gain a conviction, and Start responded that he did. Based on Start's responses to the questions, the court found that Start was acting freely, voluntarily, and intelligently, and accordingly accepted the pleas.

Following a hearing the district court sentenced Start to terms of incarceration under the supervision of the Department of Correctional Services of not less than 4 nor more than 8 years on the attempted robbery count, not less than 20 months nor more than 5 years on the third degree assault count, and not less than 20 months nor more than 5 years on the attempted second degree assault count. The court ordered the sentences to run consecutively to each other and to the sentences imposed in the

Douglas County case. The court also granted Start credit for time served and ordered him to pay the costs of the action.

## FACTS

Prior to accepting Start's pleas, the district court judge asked the State to summarize the factual basis for the charges and then asked Start to respond to that recitation. The parties' respective responses to those requests reveal the following:

During the early morning hours of July 24, 1989, Start entered a Kwik Shop in Lincoln, Nebraska, and demanded money from the cashier. Start did not have a weapon, but pretended to have one by sticking his finger under his jacket. When the cashier asked Start if he was kidding, Start may have threatened to "blow a hole" in the cashier unless he turned over the money, though Start denies making such a threat.

The cashier gave Start a small amount of money from the cash register, and Start left the store. The police were notified, and when Officer Brian Hoefer of the Lincoln Police Department saw a van traveling at a high speed in the area, he gave chase. The driver of the van was Start. Start eventually alighted from the van, and Hoefer continued his pursuit on foot, advising Start several times to stop. Hoefer eventually caught Start and, with his gun in his holster, attempted to physically restrain him.

Start resisted Hoefer's attempt to physically restrain him, and a struggle ensued, during which Hoefer heard Start exclaim, "I got your gun," noticed his gun was missing, and heard a gunshot. Start later admitted he fired the weapon, but stated that he fired into the air and did not intend to kill Hoefer. Hoefer then observed Start pointing the gun toward the officer's face. Hoefer grabbed the gun with both hands in an attempt to take it from Start. At this point Hoefer felt and observed Start attempting to pull the trigger. Throughout the struggle Hoefer repeatedly told Start to put the gun down. During this time Start also bit Hoefer twice on the arm. Finally, Hoefer convinced Start to turn over the gun, and Start did so.

As Officer Hoefer attempted to handcuff him, Start began thinking, "[N]ow I'm in trouble," and decided to try to get away again. He struck Hoefer in the face with his fist three

times before Hoefer was able to handcuff him. At that point other officers arrived and assisted in transporting Start to the police station.

## ASSIGNMENTS OF ERROR

On appeal to this court, Start argues that the district court erred in (1) imposing consecutive sentences on the two assault charges, in violation of his right to be free from double jeopardy; (2) imposing an excessive sentence on the attempted robbery count, given the nature of the offense; and (3) imposing an excessive sentence by ordering all the sentences to run consecutively, particularly the sentences on the two assault counts.

## DOUBLE JEOPARDY

In his first assignment of error, Start argues that the district court violated his constitutional right against double jeopardy by imposing consecutive sentences on the two assault charges despite the fact they arose out of the same transaction. We need not reach that issue, however, because Start waived the double jeopardy defense by pleading no contest to the assault charges in the district court.

The voluntary entry of a guilty plea or a plea of no contest waives every defense to a charge, whether the defense is procedural, statutory, or constitutional. *State v. Biernacki*, 237 Neb. 215, 465 N.W.2d 732 (1991); *State v. Phinney*, 235 Neb. 486, 455 N.W.2d 795 (1990); *State v. Kennedy*, 224 Neb. 164, 396 N.W.2d 722 (1986). The only exceptions are for the defenses of insufficiency of the indictment, information, or complaint; ineffective assistance of counsel; and lack of jurisdiction. *Phinney, supra*; *State v. Maeder*, 229 Neb. 568, 428 N.W.2d 180 (1988).

In *Maeder, supra*, the defendant pled guilty to kidnapping and first degree sexual assault. He was sentenced to 15 to 25 years' imprisonment on each count, the sentences to run consecutively. He appealed, arguing that because the charges arose out of the same transaction, the consecutive sentences subjected him to double jeopardy. This court held that the defendant waived the double jeopardy argument on appeal by voluntarily pleading guilty to the charges below.

*Maeder* is directly on point with this case. The district court judge carefully explained to Start the consequences of his pleas, including the possibility of consecutive sentences on the two assault charges. Start was represented by counsel at this time. The court found that the pleas were freely and voluntarily made, and Start does not dispute that finding here. Under well-settled rules of this court, Start waived the double jeopardy defense by pleading no contest to the assault charges and is therefore precluded from raising that issue on appeal.

Even if this court were to reach Start's double jeopardy argument, it is without merit. The record clearly indicates that Start committed two separate crimes against Officer Hoefer. He first committed an attempted assault in the second degree by pointing a gun toward Hoefer's face with his finger on the trigger. Later, as the result of a fresh impulse, he committed an assault in the third degree by punching Hoefer in the face three times with his fist. Though the offenses undoubtedly occurred during the same transaction, the imposition of a separate punishment for each offense does not violate principles of double jeopardy established in *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932), and *Grady v. Corbin*, _____ U.S. _____, 110 S. Ct. 2084, 109 L. Ed.2d 548 (1990).

## EXCESSIVENESS OF THE SENTENCES

Start's remaining assignments of error combine to assert that the sentences imposed by the district court are excessive.

Start first argues that a sentence of 4 to 8 years' imprisonment on the attempted robbery count is excessive. Attempted robbery is a Class III felony, punishable by a term of imprisonment of from 1 to 20 years, a $25,000 fine, or both. §§ 28-324(2) and 28-201(4)(b) and Neb. Rev. Stat. § 28-105(1) (Reissue 1985). Start argues that, when separated from the incident involving Officer Hoefer, the holdup was relatively minor in that it involved no weapon and only a small amount of cash. While this may be the case, it is also true that the sentence imposed is at the low end of the statutory range, Start has a lengthy record of felony convictions, and these crimes occurred within a week after Start's release from prison for a prior

offense. A sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. *State v. Campbell, ante* p. 14, 473 N.W.2d 420 (1991). We find no abuse of discretion in the sentence imposed on the attempted robbery count.

Start also argues that the district court abused its discretion by ordering that the sentences imposed run consecutively rather than concurrently. It is within the discretion of the trial court to impose consecutive rather than concurrent sentences for separate crimes. *State v. Zaritz*, 235 Neb. 599, 456 N.W.2d 479 (1990), citing *State v. Sanders*, 235 Neb. 183, 455 N.W.2d 108 (1990). The charges involving Start's assaults on Officer Hoefer are very serious. The district court tempered its sentences to take into account the sentences imposed in Douglas County. Any further reduction would depreciate the seriousness of the crimes involved. Therefore, Start's remaining assignments of error are without merit.

AFFIRMED.

FAHRNBRUCH, J., not participating.