STATE OF NEBRASKA, APPELLANT, V.
SAMUEL ENRIQUEZ-BELTRAN, APPELLEE.
616 N.W. 2d 14

Filed July 11, 2000.   No. A-99-1242.

Don Stenberg, Attorney General, and J. Kirk Brown for appellant.

Claude E. Berreckman, Jr., of Berreckman & Berreckman, P.C., for appellee.

IRWIN, Chief Judge, and SIEVERS and MOORE, Judges.

SIEVERS, Judge.
■ *State v. Franco*, 257 Neb. 15, 594 N.W.2d 633 (1999), holds that generally, the Double Jeopardy Clause prevents both property or money forfeiture proceedings and criminal charges against a defendant arising from the same incident. In this appeal, we determine whether *Franco* extends to a case where a forfeiture is followed by a criminal conviction which results from a guilty plea.

## BACKGROUND

The conviction and forfeiture action at issue in this case stem from the arrest of Samuel Enriquez-Beltran on drug-related charges. On July 28, 1997, the State of Nebraska filed a "Complaint for Forfeiture of Money" in the district court for Dawson County. It alleged that Enriquez-Beltran was the owner of the $1,497 to be forfeited and that the money was "being used, or was intended to be used, to facilitate a violation of Neb. Rev. Stat. Chpt. 28, Article 4, Drugs and Narcotics (Reissue 1995)." Enriquez-Beltran received service of process regarding the filing of the forfeiture action and, subsequently, received notice of the hearing on the State's motion to forfeit. On September 12, the district court ordered the money forfeited to Dawson County. On that same day, Enriquez-Beltran filed a "Petition for Release of Property Seized." After an evidentiary hearing, the district court found that "the State has proved beyond a reasonable doubt that the monies seized were used in violation of Section 28-416 R.R.S. (1943) et seq." The court ordered the money forfeited in its order filed on October 23.

The information against Enriquez-Beltran, filed on August 25, 1997, alleges two counts of possession with intent to distribute under Neb. Rev. Stat. § 28-416(1) (Reissue 1995). On November 4, Enriquez-Beltran, who was represented by counsel, pled guilty under a plea agreement to one count of possession with intent to distribute. The other count was dismissed as part of the plea agreement. The district court accepted Enriquez-Beltran's guilty plea after informing him of his rights, inquiring about the factual basis for and the voluntariness of his guilty plea, and explaining the binding effects of the plea agreement. The court determined that Enriquez-Beltran's plea was made knowingly, intelligently, and voluntarily and found him guilty on one count of possession with intent to distribute. On February 19, 1998, the court sentenced Enriquez-Beltran to 3 to 6 years' imprisonment.

Enriquez-Beltran subsequently filed a "Petition for a Writ of Habeas Corpus," which alleged that his conviction was obtained in violation of his constitutional right to be free from double jeopardy. Specifically, he asserted that his conviction, following the State's successful forfeiture action, placed him twice in

jeopardy for the same crime. Pursuant to an order dated September 14, 1999, the court denied the writ of habeas corpus on procedural grounds as not being the proper pleading, but found that "in the interest of justice," the writ would be treated as a motion for postconviction relief. After an evidentiary hearing, the trial judge found that the forfeiture action and Enriquez-Beltran's conviction arose out of the same transaction and that jeopardy attached with regard to the forfeiture of funds action. The court held that Enriquez-Beltran was entitled to "an absolute discharge" from his conviction pursuant to *State v. Franco*, 257 Neb. 15, 594 N.W.2d 633 (1999). The State has timely appealed. Enriquez-Beltran remains imprisoned, and his motion that we release him on bond is also before us.

## ASSIGNMENTS OF ERROR

The State asserts that the district court erred in (1) granting postconviction relief where the claim in question could and should have been raised on direct appeal and (2) concluding that the Nebraska Legislature intended proceedings brought pursuant to Neb. Rev. Stat. § 28-431 (Cum. Supp. 1998) to be criminal in nature, or, in other words, that *State v. Franco, supra*, was wrongly decided.

## STANDARD OF REVIEW

On appeal from a proceeding for postconviction relief, the trial court's findings of fact will be upheld unless such findings are clearly erroneous. *State v. Williams*, 253 Neb. 111, 568 N.W.2d 246 (1997); *State v. Lindsay*, 246 Neb. 101, 517 N.W.2d 102 (1994). Regarding questions of law, an appellate court is obligated to reach a conclusion independent of determinations reached by the trial court. *State v. Williams, supra*; *State v. Stubblefield*, 249 Neb. 436, 543 N.W.2d 743 (1996).

## ANALYSIS

We believe that the issues presented by the State's appeal present issues of law upon which we must reach an independent conclusion. Although an appellate court ordinarily considers only those errors assigned and discussed in the briefs, the appellate court may, at its option, notice plain error. *State v. Paul*, 256 Neb. 669, 592 N.W.2d 148 (1999); *State v. Egger*, 8 Neb. App.

740, 601 N.W.2d 785 (1999). See, also, Neb. Ct. R. of Prac. 9D(1)d (rev. 1996). Plain error exists where there is error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. *State v. Paul, supra;* *State v. Egger, supra.* Plain error applies when an appellate court discovers error on the record. *State v. Egger, supra.* Thus, while the State only argues that Enriquez-Beltran's double jeopardy claim could and should have been raised on direct appeal and that *State v. Franco* is wrong, we think that under the plain error doctrine, we must examine the effect of Enriquez-Beltran's guilty plea. In short, the issue we address is whether the plea is a procedural bar.

The record readily discloses that Enriquez-Beltran voluntarily, intelligently, and knowingly entered a guilty plea to the possession charge after the forfeiture proceedings were resolved against him. The voluntary entry of a guilty plea or a plea of no contest waives every defense to a charge, whether the defense is procedural, statutory, or constitutional. *State v. Trackwell,* 250 Neb. 46, 547 N.W.2d 471 (1996); *State v. Dreimanis,* 8 Neb. App. 362, 593 N.W.2d 750 (1999). Further, "[t]he only exceptions are for the defenses of insufficiency of the indictment, information, or complaint; ineffective assistance of counsel; and lack of jurisdiction." *State v. Start,* 239 Neb. 571, 574, 477 N.W.2d 20, 22-23 (1991). See, also, *State v. Russell,* 239 Neb. 979, 479 N.W.2d 798 (1992); *State v. Wiemer,* 3 Neb. App. 821, 533 N.W.2d 122 (1995). The rule and the exceptions thereto are equally applicable to a direct appeal or an appeal from postconviction proceedings. See, e.g., *State v. Silvers,* 255 Neb. 702, 587 N.W.2d 325 (1998) (appeal from denial of postconviction relief); *State v. Start, supra* (direct appeal).

In *State v. Maeder,* 229 Neb. 568, 428 N.W.2d 180 (1988), the defendant pled guilty to kidnapping and first degree sexual assault. He was sentenced to 15 to 25 years' imprisonment on each count, the sentences to run consecutively. He appealed, arguing that because the charges arose out of the same transaction, the consecutive sentences subjected him to double jeop-

ardy. The Nebraska Supreme Court held that the defendant waived the double jeopardy argument on appeal by voluntarily pleading guilty to the charges below. The *Maeder* court held: " ' "A voluntary guilty plea waives every defense to the charge, whether the defense is procedural, statutory, or constitutional." ' " 229 Neb. at 570-71, 428 N.W.2d at 182, quoting *State v. Rivers*, 226 Neb. 353, 411 N.W.2d 350 (1987).

Likewise, in *State v. Start, supra*, the court followed its decision in *Maeder*. The court in *Start* stated:

> The district court judge carefully explained to Start the consequences of his pleas, including the possibility of consecutive sentences on the two assault charges. Start was represented by counsel at this time. The court found that the pleas were freely and voluntarily made, and Start does not dispute that finding here. Under well-settled rules of this court, Start waived the double jeopardy defense by pleading no contest to the assault charges and is therefore precluded from raising that issue on appeal.

239 Neb. at 575, 477 N.W.2d at 23.

Thus, from this precedent, it is clear that a defendant waives a double jeopardy claim or defense on direct appeal, as well as when raised in postconviction proceedings, when he or she voluntarily pleads guilty to the criminal charges, even after there has been a forfeiture of money or property arising out of the same incident. We see no reason that this rule would not apply in this case where Enriquez-Beltran attempts to raise a double jeopardy claim by a writ of habeas corpus, which was treated as a petition for postconviction relief by the trial court.

In the present case, Enriquez-Beltran was represented by counsel in the forfeiture and possession cases, and he has not complained of ineffective assistance on the part of the attorney with regard to his guilty plea. The court properly informed Enriquez-Beltran of the rights he was giving up by entering a guilty plea. The court also inquired about the factual basis for and the voluntariness of his guilty plea, and explained the binding effects of the plea agreement. Enriquez-Beltran has raised no issues concerning the sufficiency of the information and has not claimed ineffective assistance of counsel or lack of jurisdiction. These are the only matters which are still reviewable after

a guilty plea. Therefore, because Enriquez-Beltran voluntarily pled guilty, we find that he waived any claim that the subsequent criminal prosecution on the possession charge subjected him to double jeopardy. As a result, he is not entitled to postconviction relief, and the district court erred in granting Enriquez-Beltran "an absolute discharge" from his conviction based on double jeopardy. *State v. Franco*, 257 Neb. 15, 594 N.W.2d 633 (1999), is distinguishable, because there, the defendant moved to stop the criminal prosecution, after the forfeiture proceeding, by raising the issue via a plea in bar. Here, a waiver and a procedural bar occurs because there was a knowing and voluntary guilty plea to the criminal charges after the forfeiture proceedings were completed. See *United States v. Broce*, 488 U.S. 563, 109 S. Ct. 757, 102 L. Ed. 2d 927 (1989) (holding that entry of valid guilty plea, absent any procedural or constitutional violations, effectively forfeits defendant's right to assert defense of double jeopardy). Moreover, there need not be a conscious waiver with respect to each potential defense relinquished by the guilty plea. *Id.*

Since our decision regarding the effect of Enriquez-Beltran's guilty plea is determinative as to the outcome of this case, we need not address the two errors assigned by the State. See, *Kelly v. Kelly*, 246 Neb. 55, 516 N.W.2d 612 (1994); *State v. Clark*, 8 Neb. App. 525, 598 N.W.2d 765 (1999) (appellate court is not obligated to engage in analysis which is unnecessary to adjudicate case and controversy before it).

## CONCLUSION

The decision of the district court is reversed, and Enriquez-Beltran's conviction and sentence are reinstated. We, therefore, also deny his motion that we release him on bond.

REVERSED.