IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

STATE V. NEEMEYER

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,
V.
MICHAEL L. NEEMEYER, APPELLANT.

Filed February 18, 2014.    No. A-13-610.

Appeal from the District Court for Merrick County: MICHAEL J. OWENS, Judge. Affirmed.

Matthew C. Boyle, of Lauritsen, Brownell, Brostrom & Stehlik, for appellant.

Jon Bruning, Attorney General, and George R. Love for appellee.

INBODY, Chief Judge, and MOORE and RIEDMANN, Judges.

RIEDMANN, Judge.

INTRODUCTION

Michael L. Neemeyer appeals his plea-based criminal conviction of flight to avoid arrest. Neemeyer asserts that the district court erred by (1) imposing a sentence that was excessive and in violation of double jeopardy and (2) granting a continuance of his sentencing hearing from May 6 to June 3, 2013, without conducting a hearing. We reject Neemeyer's claims for the reasons set forth below.

BACKGROUND

On March 22, 2012, at approximately 1:15 a.m., the Merrick County sheriff's office was alerted of an ongoing vehicle pursuit that began in Butler County, continued through Polk County, and was approaching Merrick County. Law enforcement in Butler and Polk Counties reported that the vehicle had been traveling in both lanes and into oncoming traffic at speeds over 100 miles per hour. Merrick County sheriff deputies engaged in the pursuit once the vehicle crossed into Merrick County on Highway 92. The vehicle registered 110 miles per hour on radar

- 1 -

at that time. It continued into the rural section of Merrick County, traveling well over 70 miles per hour on gravel roads that were wet and muddy due to recent rain in the area. The vehicle failed to stop at several stop signs and fled from at least five separate patrol cars during the pursuit.

Officers finally located the vehicle in the northwestern rural portion of Merrick County, but the driver was already gone when they arrived. Officers made contact with a female passenger, who indicated that someone other than Neemeyer had been driving the vehicle. However, the female had been seen with Neemeyer in Butler County shortly before the pursuit began, and officers located a check on her person that was written to Neemeyer. Officers also located a dog in the vehicle which belonged to Neemeyer. This led officers to believe that Neemeyer had been driving the vehicle during the pursuit.

Law enforcement deployed a canine unit and initiated a search of the area. They located Neemeyer several hours later after a local farmer reported that an individual matching Neemeyer's description was trespassing on his property. Neemeyer was found hiding behind some logs on the farmer's property, but he told police he was just out for a jog. The officers advised Neemeyer that they believed he had been driving a vehicle involved in a pursuit and that the passenger of that vehicle had been taken to the Butler County jail. Neemeyer responded by asking why his passenger was taken to jail, thereby confirming officers' suspicions that Neemeyer was in fact the driver of the vehicle.

Neemeyer was charged in Merrick County with (1) flight to avoid arrest, (2) driving under suspension, and (3) second degree trespassing. The State also alleged that Neemeyer was a habitual criminal. Pursuant to a plea agreement, Neemeyer pled no contest to flight to avoid arrest, a Class IV felony. In exchange, the State dismissed the other two counts and agreed not to pursue habitual criminal enhancement. The parties also agreed that Neemeyer would plead guilty or no contest to tampering with evidence in both Butler and Polk Counties and that they would jointly recommend the maximum sentence, consecutive to the sentences imposed in those counties. The district court accepted Neemeyer's plea and found him guilty beyond a reasonable doubt of flight to avoid arrest. The court ordered a presentence investigation and set the matter for sentencing on May 6, 2013.

On April 22, 2013, a probation officer filed a motion to continue Neemeyer's sentencing to June 3 to allow the probation office additional time to complete the presentence investigation. The motion was granted. On June 3, Neemeyer's attorney orally requested a continuance to June 12 because Neemeyer was experiencing car trouble. Neemeyer was sentenced to 20 to 60 months' imprisonment, to be served consecutive to the sentence that had been imposed in Polk County earlier in the day of June 12. Neemeyer timely appeals.

## ASSIGNMENTS OF ERROR

Neemeyer alleges the district court erred by (1) imposing a sentence that was excessive and in violation of double jeopardy and (2) granting a continuance of his sentencing hearing from May 6 to June 3, 2013, without conducting a hearing.

STANDARD OF REVIEW

A sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court. *State v. Kinser*, 283 Neb. 560, 811 N.W.2d 227 (2012).

A decision whether to grant a continuance in a criminal case is within the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *State v. Dixon*, 282 Neb. 274, 802 N.W.2d 866 (2011).

An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and the evidence. *Id.*

ANALYSIS

*Excessive Sentence.*

Neemeyer was convicted of a Class IV felony, punishable by a maximum of 20 months' to 5 years' imprisonment, a $10,000 fine, or both. See Neb. Rev. Stat. §§ 28-105 (Cum. Supp. 2012), 28-905 (Reissue 2008), and 29-2204(1)(a)(ii)(A) (Supp. 2013). Neemeyer's sentence of 20 to 60 months' imprisonment falls within the statutory limits for this offense. Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Dinslage*, 280 Neb. 659, 789 N.W.2d 29 (2010).

When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the violence involved in the commission of the crime. *Id.* But the appropriateness of a sentence is necessarily a subjective judgment that includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

The presentence report reflects that Neemeyer has 39 prior convictions or juvenile adjudications including 8 theft-related convictions, 7 drug or alcohol convictions, 4 assaults, 5 convictions for driving under suspension, 2 convictions for failure to appear, and 1 conviction each for criminal mischief, resisting arrest, carrying a concealed weapon, false reporting, and various traffic-related offenses. These convictions resulted in three periods of incarceration in the Nebraska Department of Correctional Services, during which Neemeyer received more than 40 misconduct reports, and approximately 17 jail sentences.

On appeal, Neemeyer argues that his criminal history stems entirely from his substance abuse and that he has taken great strides to address this problem by completing a treatment program and following the aftercare recommendations. Neemeyer argues that the district court erred by failing to duly consider his efforts at treatment when imposing his sentence. However, the record reflects that the district court did consider this information, because it reviewed the presentence investigation report and specifically acknowledged at the sentencing hearing that Neemeyer had made strides to change his life.

The parties jointly recommended the maximum sentence of 20 to 60 months' imprisonment in this case, to be served consecutive to the sentences imposed in Polk and Butler

Counties. We cannot say that the district court abused its discretion by imposing a sentence which was agreed upon by the parties and within statutory limits.

*Double Jeopardy.*

Neemeyer also asserts that the imposition of consecutive sentences violated his right to be free from double jeopardy because his convictions in Merrick and Polk Counties were for the same offense and arose out of the same series of events. We need not address this argument because Neemeyer waived any potential double jeopardy defense by voluntarily pleading no contest to flight to avoid arrest in both Merrick County and Polk County. See *State v. Start*, 239 Neb. 571, 477 N.W.2d 20 (1991).

The voluntary entry of a guilty plea or a plea of no contest waives every defense to a charge, whether the defense is procedural, statutory, or constitutional. *State v. Enriquez-Beltran*, 9 Neb. App. 459, 616 N.W.2d 14 (2000). The only exceptions are for the defenses of insufficiency of the indictment, information, or complaint; ineffective assistance of counsel; and lack of jurisdiction. *Id.*

When Neemeyer pled no contest in Merrick County on April 15, 2013, the district court thoroughly advised Neemeyer of his rights and the possible consequences of his no contest plea, all of which Neemeyer indicated he understood. The district court found that Neemeyer's plea was made freely, voluntarily, knowingly, and intelligently, and Neemeyer does not dispute that finding on appeal. Rather, he argues that his plea in Merrick County was based upon the agreement that he would plead no contest to a charge of tampering with evidence in Polk County and that the Polk County charge was never amended. We note, however, that Neemeyer did not plead in Polk County until May 8 and that there is no evidence he did not do so freely, voluntarily, knowingly, and intelligently. There is no indication in the record that Neemeyer moved to withdraw his plea in Merrick County upon learning that the flight to avoid arrest charge in Polk County was not amended as contemplated. Therefore, because Neemeyer's pleas were voluntary, and he never made any attempt to withdraw them prior to sentencing, any potential defense based on double jeopardy has been waived.

*Continuance of Sentencing Hearing.*

Finally, Neemeyer argues that the district court erred by granting the probation officer's request to continue his sentencing hearing without conducting a hearing or providing him an opportunity to object. He argues that the continuance prejudiced him because it caused his sentence in the present case to be entered after his sentence in Polk County, thereby creating a violation of double jeopardy.

Applications for continuances in criminal cases shall be granted only upon a showing of good cause and only for so long as is necessary. See Neb. Rev. Stat. § 29-1206 (Reissue 2008). Here, the probation officer requested a continuance from May 6 to June 3, 2013, to allow the probation office additional time to complete the presentence investigation before Neemeyer's sentencing. This was good cause for a continuance, because the court is statutorily required to order a presentence investigation and consider the presentence report before imposing a sentence on a felony conviction, unless it is impractical to do so. Neb. Rev. Stat. § 29-2261 (Cum. Supp. 2012). Neemeyer requested a subsequent continuance, from June 3 to 12, because of car trouble.

Although it appears that no hearing was held on the State's motion, Neemeyer has not pointed to any legal authority which requires the court to hold a hearing on a motion to continue.

We need not address Neemeyer's argument that the continuance violated his right to be free from double jeopardy because, as previously discussed, he waived any potential double jeopardy defense by voluntarily entering a plea of no contest.

## CONCLUSION

Because we find no merit to Neemeyer's assignments of error, we affirm.

AFFIRMED.