Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/01/2026 08:11 AM CDT

State of Nebraska, appellee, v.
Michael M. Dicken, appellant.

___ N.W.3d ___

Filed May 1, 2026.    No. S-25-467.

1. **Judgments: Pleadings: Plea in Abatement: Appeal and Error.**
   Regarding questions of law presented by a motion to quash or plea in
   abatement, an appellate court is obligated to reach a conclusion independent of the determinations reached by the trial court.
2. **Indictments and Informations.** Whether an information is fatally
   defective is a question of law.
3. **Pleas: Waiver.** The voluntary entry of a guilty plea or a plea of no contest waives every defense to a charge, whether the defense is procedural,
   statutory, or constitutional.
4. **Pleas: Waiver: Indictments and Informations: Effectiveness of
   Counsel: Jurisdiction.** The only exceptions to the rule that the voluntary entry of a guilty plea or a plea of no contest waives every defense
   to a charge are for the defenses of insufficiency of the indictment,
   information, or complaint; ineffective assistance of counsel; and lack
   of jurisdiction.
5. **Indictments and Informations.** An information must inform the
   accused with reasonable certainty of the crime charged so that the
   accused may prepare a defense to the prosecution and, if convicted, be
   able to plead the judgment of conviction on such charge as a bar to a
   later prosecution for the same offense.
6. ____. An information must allege each statutorily essential element of
   the crime charged, expressed in the words of the statute which prohibits
   the conduct charged as a crime or in language equivalent to the statutory
   terms defining the crime charged.
7. ____. Where an information alleges the commission of a crime using
   language of the statute defining that crime or terms equivalent to such
   statutory definition, the charge is sufficient.

8. **Indictments and Informations: Due Process.** When the charging of a crime in the language of the statute leaves the information insufficient to reasonably inform the defendant as to the nature of the crime charged, additional averments must be included to meet the requirements of due process.

9. **Indictments and Informations.** An information is deemed sufficient unless it is so defective that by no construction can it be said to charge the offense of which the accused was convicted.

10. ____. A complaint or information is fatally defective only if its allegations can be true and still not charge a crime.

11. ____. No information shall be deemed invalid for any defect or imperfection which does not prejudice the substantial rights of the defendant upon the merits.

12. ____. When under a statute an offense may be committed by several methods, the indictment or information may charge that it was committed by any or all such methods as are not inconsistent with, or repugnant to, each other.

Appeal from the District Court for Douglas County: MOLLY B. KEANE, Judge. Affirmed.

Timothy J. Anderson, of Dornan, Howard, Breitkreutz, Dahlquist & Klein, P.C., L.L.O., for appellant.

Michael T. Hilgers, Attorney General, and Austin N. Relph for appellee.

FUNKE, C.J., CASSEL, STACY, PAPIK, FREUDENBERG, BERGEVIN, and VAUGHN, JJ.

Funke, C.J.

## INTRODUCTION

Michael M. Dicken appeals his plea-based conviction and sentence in the district court for Douglas County for burglary. Dicken assigns that the district court erred in overruling his motion to quash the information and in convicting and sentencing him based on the information. Dicken argues that the information did not properly charge the offense of burglary because it specified stalking as the felony he intended to commit, and he contends that stalking cannot be the felony

to support the intent element of a charge of burglary under Neb. Rev. Stat. § 28-507 (Reissue 2016). We conclude that the information was sufficient to charge the offense of burglary and that therefore, the district court did not err in overruling Dicken's motion to quash or in convicting and sentencing him based on the information.

## BACKGROUND

### Information Filed Against Dicken

The State charged Dicken with burglary based on an incident in which Dicken allegedly broke into the home of a woman with whom he had had a romantic relationship. In the operative amended information, the State charged that on or about August 5, 2024, Dicken did "willfully, maliciously, and forcibly break and enter into a building located at [a specific address] with intent to commit STALKING or with the intent to steal property of any value in violation of . . . §28-507." Section 28-507 provides, in part, that "[a] person commits burglary if such person willfully, maliciously, and forcibly breaks and enters any real estate or any improvements erected thereon with intent to commit any felony or with intent to steal property of any value."

### Motion to Quash

Dicken filed a motion to quash the information. He argued that the information failed to properly charge the offense of burglary because it specified stalking as the felony that he intended to commit. Dicken referred to the statutory definition of stalking in Neb. Rev. Stat. § 28-311.03 (Reissue 2016), which provides that "[a]ny person who willfully harasses another person or a family or household member of such person with the intent to injure, terrify, threaten, or intimidate commits the offense of stalking." Dicken asserted two reasons that stalking could not support a charge of burglary: (1) because stalking is defined as a misdemeanor and becomes a felony only by operation of enhancement and (2) because

stalking requires a course of conduct that cannot be achieved in one instance of burglary.

Regarding his first argument, Dicken cited Neb. Rev. Stat. § 28-311.04 (Cum. Supp. 2024), which provides in subsection (1) that, except as provided in subsection (2), a person convicted of stalking under § 28-311.03 "is guilty of a Class I misdemeanor," and provides in subsection (2) that the person is "guilty of a Class IIIA felony" if one of a list of circumstances, including that the person has a prior conviction for stalking, is present. Dicken argued, without citation to any authority, that stalking could not be used as the felony for the intent element of burglary because stalking is a misdemeanor that "only becomes a felony by operation of enhancement, and not because the behavior is in and of itself a felony offense."

Regarding his second argument, Dicken cited Neb. Rev. Stat. § 28-311.02 (Reissue 2016), which in subsection (2)(a) defines "[h]arass," in part, as engaging "in a knowing and willful course of conduct," and in subsection (2)(b) defines "[c]ourse of conduct," in part, as "a pattern of conduct composed of a series of acts over a period of time." Dicken argued that stalking could not be used as the felony for the intent element of a charge of burglary because the course of conduct or pattern of conduct required to establish stalking "cannot be achieved in one instance" of burglary.

At a hearing on Dicken's motion to quash, the State argued that the amended information was sufficiently particular to charge the offense of burglary and that to the extent stalking required a course of conduct, the act of "breaking in was in furtherance of that course of conduct and part thereof." At the hearing and in a brief filed after the hearing, Dicken made an additional argument that using a second conviction for stalking to support a conviction for burglary would violate double jeopardy protections, but he does not repeat the argument in his brief on appeal.

After the hearing, the district court entered an order ruling on Dicken's motion to quash. The court treated Dicken's

arguments as a challenge to the constitutionality of § 28-507, the statute defining the offense of burglary. The court stated that it was not clear whether Dicken was making an as-applied challenge or a facial challenge. But the court determined that to the extent Dicken made an as-applied challenge, a motion to quash could not be used to make an as-applied challenge. The court further determined that to the extent Dicken made a facial challenge to § 28-507, a facial challenge required a showing that there was no valid application of the statute and Dicken failed to show there was no valid application of § 28-507. The court stated that there were "circumstances . . . under which [§ 28-507] would be valid" and that "the State may prove burglary not only by proving . . . intent to commit a felony but also by proving . . . intent to steal property of any value." Finding no merit to either an as-applied or a facial constitutional challenge to § 28-507, the court overruled Dicken's motion to quash.

## PLEA HEARING, CONVICTION, AND SENTENCING

After the district court overruled his motion to quash, Dicken entered a plea of guilty to the burglary charge. As part of a plea agreement, the State agreed not to charge Dicken as a habitual criminal. At the plea hearing, the State provided the following factual basis:

> [O]n August 5th of 2024, at that time, the listed victim . . . and [Dicken], were in an ongoing relationship as boyfriend-girlfriend. [The victim], however, was trying to end that relationship and [Dicken] didn't want that to occur. So[,] he had posted all of her personal information, phone and address on a website falsely advertising sex acts in the days leading up to August 5th, which resulted in multiple calls and random visits from strange men to her personal residence. [Dicken] came to her house at the end of the — in the days leading up to August 5th, and tried convincing her to let him in, and she wouldn't

let him in, and he broke the window out. The following day, also a few days before August 5th, he broke into her house when she wasn't there and ransacked the entire place, damaging appliances, furniture and personal belongings. [Dicken] then came back a third time before August 5th broke in again and was caught while there. He was taken to the hospital with an injury from breaking in, and he gave a false name to police and was able to escape the hospital before police realized the true identity. [The victim] confirmed that [Dicken] was not — did not have permission to be there and that he had forced his way into her personal residence. All those events occurred in Douglas County, Nebraska.

After the State provided the factual basis, the court asked whether there was any objection to the factual basis, and Dicken replied, "No objection." The court then asked Dicken's counsel, "Do you believe the factual basis is sufficient to support conviction of the charge to which the defendants [sic] entering his plea of guilty," and the court also asked counsel, "Do you believe that your client's plea of guilty is consistent with the law and the facts, and in his best interest?" Dicken's counsel replied, "[y]es," to both questions.

The district court thereafter found that Dicken made his plea freely, intelligently, voluntarily, and understandingly and that there was a factual basis to support Dicken's plea. The court accepted Dicken's plea and found him guilty of burglary.

At Dicken's sentencing hearing, the State noted that Dicken's criminal history included two prior convictions, in 2018 and 2019, for misdemeanor stalking, as well as other prior convictions, including a conviction for terroristic threats, for which Dicken was on post-release supervision at the time of the offense in this case. The district court sentenced Dicken to a term of imprisonment for 51 months to 108 months, ordered the sentence to be served consecutively to his sentence in a separate case in which he had been convicted for

violating post-release supervision, and gave Dicken credit for time served against the aggregate sentence.

Dicken appeals his conviction and sentence for burglary.

## ASSIGNMENTS OF ERROR

On appeal, Dicken claims that the district court erred in (1) overruling his motion to quash and (2) finding him guilty of burglary and sentencing him for the offense.

## STANDARD OF REVIEW

[1,2] Regarding questions of law presented by a motion to quash or plea in abatement, an appellate court is obligated to reach a conclusion independent of the determinations reached by the trial court.[1] Whether an information is fatally defective is a question of law.[2]

## ANALYSIS

### Motion to Quash and Sufficiency of Information

Dicken assigns that the district court erred in overruling his motion to quash. He argues that the information in this case failed to properly allege a felony that he intended to commit and that stalking cannot be used as the felony in the intent element of a burglary charge because (1) stalking is a misdemeanor that becomes a felony only through enhancement and (2) stalking requires a pattern or course of conduct that cannot be achieved in a single instance of burglary. He also argues that the district court erred by treating his challenge as a constitutional challenge to § 28-507 and failing to address his arguments regarding insufficiency of the information. Dicken does not repeat the double jeopardy argument he made at the hearing on the motion to quash. We agree that the district court failed to specifically address Dicken's arguments regarding the

---

[1] *State v. Zitterkopf*, 317 Neb. 312, 9 N.W.3d 896 (2024).

[2] *State v. Davis*, 310 Neb. 865, 969 N.W.2d 861 (2022).

alleged insufficiency of the information. However, we determine that Dicken's arguments are without merit, and we conclude, based on different reasoning, that the district court did not err in overruling Dicken's motion to quash.

[3,4] Under Neb. Rev. Stat. § 29-1808 (Reissue 2016), a motion to quash may be made where there is a defect apparent upon the face of the record, including defects in the form of the indictment or manner in which the offense is charged. The voluntary entry of a guilty plea or a plea of no contest waives every defense to a charge, whether the defense is procedural, statutory, or constitutional.[3] The only exceptions are for the defenses of insufficiency of the indictment, information, or complaint; ineffective assistance of counsel; and lack of jurisdiction.[4] The arguments that Dicken made in his motion to quash and that he repeats on appeal allege that the operative information in this case was insufficient to charge him with burglary. Dicken's defense of insufficiency of the information was not waived when he entered his guilty plea.

[5-7] We have set forth the following standards to determine whether an information is sufficient. An information must inform the accused with reasonable certainty of the crime charged so that the accused may prepare a defense to the prosecution and, if convicted, be able to plead the judgment of conviction on such charge as a bar to a later prosecution for the same offense.[5] As such, an information must allege each statutorily essential element of the crime charged, expressed in the words of the statute which prohibits the conduct charged as a crime or in language equivalent to the statutory terms defining the crime charged.[6] Where an information alleges the commission of a crime using language

---

[3] *State v. Start*, 239 Neb. 571, 477 N.W.2d 20 (1991).

[4] *Id*.

[5] *State v. Theisen*, 306 Neb. 591, 946 N.W.2d 677 (2020).

[6] *Id*.

of the statute defining that crime or terms equivalent to such statutory definition, the charge is sufficient.[7]

[8-11] However, when the charging of a crime in the language of the statute leaves the information insufficient to reasonably inform the defendant as to the nature of the crime charged, additional averments must be included to meet the requirements of due process.[8] Nonetheless, an information is deemed sufficient unless it is so defective that by no construction can it be said to charge the offense of which the accused was convicted.[9] A complaint or information is fatally defective only if its allegations can be true and still not charge a crime.[10] No information shall be deemed invalid for any defect or imperfection which does not prejudice the substantial rights of the defendant upon the merits.[11]

[12] In the operative information in this case, the State charged Dicken with burglary in violation of § 28-507, which provides, in part, that "[a] person commits burglary if such person willfully, maliciously, and forcibly breaks and enters any real estate or any improvements erected thereon with intent to commit any felony or with intent to steal property of any value." The information alleged that on or about August 5, 2024, Dicken did "willfully, maliciously, and forcibly break and enter into a building located at [a specific address] with intent to commit STALKING or with the intent to steal property of any value." The information generally used the language of § 28-507, but, rather than alleging intent to commit "any felony," it alleged intent to commit stalking. The information alleged in the alternative that Dicken had the intent to steal property of any value. We have stated that "when under a statute an offense may be committed by several methods,

---

[7] *Id.*

[8] *Id.*

[9] *State v. Brunzo*, 262 Neb. 598, 634 N.W.2d 767 (2001).

[10] *State v. Theisen, supra* note 5.

[11] *Id.*

the indictment or information may charge that it was committed by any or all such methods as are not inconsistent with, or repugnant to, each other."[12]

We have further stated that when prosecuting a defendant for burglary, "[u]nless the State limits its prosecution to establishing that the defendant intended to steal property as encompassed in [§ 28-507], the State must specify which felony or felonies it believes a defendant intended to commit."[13] We reasoned that such specificity was required because "[t]he federal Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense."[14] We stated that "[a]n information may sufficiently allege the statutory elements of a criminal offense, yet fail to state with sufficient particularity information about the alleged crime which is vital to the preparation of a defense," and we reasoned that the failure "to specify the underlying felonies [in a burglary charge] prejudiced [the defendant's] right to notice and denied [the defendant] a meaningful opportunity to present a complete defense."[15]

In the operative information in this case, in place of the "any felony" language of § 28-507, the information specified stalking as the offense Dicken had the intent to commit. Under Nebraska statutes, stalking may be a misdemeanor or a felony depending on the circumstances. The offense of stalking is set forth in § 28-311.03, and the classification of the offense of stalking is set forth in § 28-311.04, which at the time of the alleged offense in this case in August 2024 provided:

> (1) Except as provided in subsection (2) of this section, any person convicted of violating section 28-311.03 is guilty of a Class I misdemeanor.

---

[12] *State v. Wilkinson*, 293 Neb. 876, 887, 881 N.W.2d 850, 858 (2016) (internal quotation marks omitted) (quoting *State v. Bowen*, 244 Neb. 204, 505 N.W.2d 682 (1993)).

[13] *State v. Nero*, 281 Neb. 680, 688, 798 N.W.2d 597, 604 (2011).

[14] *Id*.

[15] *Id.* at 691, 798 N.W.2d at 606.

(2) Any person convicted of violating section 28-311.03 is guilty of a Class IIIA felony if:

(a) The person has a prior conviction under such section or a substantially conforming criminal violation within the last seven years;

(b) The victim is under sixteen years of age;

(c) The person possessed a deadly weapon at any time during the violation;

(d) The person was also in violation of section 28-311.09, 28-311.11, 42-924, or 42-925 . . . at any time during the violation; or

(e) The person has been convicted of any felony in this state or has been convicted of a crime in another jurisdiction which, if committed in this state, would constitute a felony and the victim or a family or household member of the victim was also the victim of such previous felony.

The information in this case did not set forth the elements of stalking, nor did it specify a circumstance under § 28-311.04(2)(a) through (e) that made the stalking offense a felony.

However, in *State v. Brunzo*,[16] we determined that when setting forth the offense of felony murder under Neb. Rev. Stat. § 28-303 (Reissue 1989), an information that simply listed the underlying felony or felonies was sufficient and was "a fair means of informing [the defendant] of what he would have to defend against," and we stated that it was "not necessary for the elements of the underlying or predicate felony to be set out in the information" when the defendant was not charged with the underlying felony and instead the intent to commit the underlying felony served as a substitute for the intent to kill.

Similarly, the reference to stalking in place of the statutory "any felony" language in this case was a fair means of

---

[16] *State v. Brunzo, supra* note 9, 262 Neb. at 606, 634 N.W.2d at 773 (citing similar holding in *State v. Palmer*, 257 Neb. 702, 600 N.W.2d 756 (1999)).

informing Dicken of what he would have to defend against in the burglary charge. Because stalking is an offense that can be a felony, the reference to stalking in place of the "any felony" language of § 28-507 indicated that the State was alleging Dicken had the intent to commit stalking in a manner such that the offense would be classified as a felony. Because the information referred to § 28-507, used the language of that statute defining the offense of burglary, specified a felony that Dicken had the intent to commit, and, alternatively, alleged that Dicken had the intent to steal property of any value, we determine that the information reasonably informed Dicken of what he would have to defend against and was sufficient to charge Dicken with the offense of burglary.

Dicken argues, however, that using stalking as the felony he intended to commit rendered the information insufficient. He argues that stalking cannot be used as the felony in the intent element of a charge of burglary because (1) stalking is a misdemeanor that becomes a felony only through enhancement and (2) stalking requires a course or pattern of conduct that cannot be achieved in a single instance of burglary. Dicken does not cite any authority for these arguments.

Regarding Dicken's first argument, § 28-507 refers to the intent to commit "any felony" as an element of burglary. The broad reference to "any felony" does not limit the types of felonies that can support the intent element of burglary. Relevant to Dicken's argument, we read "any felony" to include an offense committed in such a manner that it is classified as a felony under the relevant statutes. We do not read "any felony" to exclude a felony simply because the offense would be classified as a misdemeanor under different circumstances. We see no reason that intent to commit stalking in a manner that would be a felony under the statutes defining and classifying stalking offenses cannot be "intent to commit any felony" in a burglary under § 28-507.

Regarding Dicken's second argument, § 28-507 refers to the "intent to commit any felony," not to the commission

of any felony. In defining the offense of burglary, § 28-507 focuses on a person's intent when breaking and entering, rather than completion of the intended felony after breaking and entering. We see no reason that breaking and entering with the intent to commit an act or acts that are part of a pattern or course of conduct that constitutes felony stalking would not be encompassed within the "intent to commit any felony" under § 28-507.

Dicken's arguments do not convince us that stalking cannot be the felony in the intent element of a charge of burglary under § 28-507. The issue presented by Dicken's motion to quash was whether the information filed against Dicken was sufficient to set forth a charge of burglary so that Dicken could prepare his defense to the charge, and we do not find the information insufficient on the basis that it charged stalking as the felony he intended to commit. To the extent Dicken argues that the evidence does not show he had the intent to commit felony stalking, the sufficiency of the State's evidence to support a finding that he had the intent alleged in the information was an issue that Dicken could have pursued in his defense against the charge of burglary. But for purposes of the motion to quash, Dicken's arguments do not change our determination that the information in this case was sufficient to charge Dicken with burglary.

## Conviction and Sentence

Dicken also assigns that the district court erred in convicting and sentencing him for burglary. We reject this assignment of error. Dicken entered a guilty plea, and he did not object to the factual basis provided by the State at the plea hearing when the court asked whether there was any objection. On appeal, Dicken does not assign error to the sufficiency of the factual basis, and we have indicated that a defendant may be

> treated as having waived an objection to the sufficiency of the State's factual basis where the record of a plea

colloquy demonstrates that the trial court specifically asked the defendant or his or her counsel whether the factual basis provided by the State is sufficient to support the plea and the defendant failed to object to its sufficiency upon inquiry by the court.[17]

Instead, Dicken's argument in support of this assignment of error is limited to asserting that because the court should have sustained his motion to quash the information, the court erred in convicting and sentencing him based on an insufficient information. Because we have determined that the information was sufficient and that the district court did not err in overruling Dicken's motion to quash the information, we further conclude that the court did not err in convicting and sentencing Dicken based on that information.

## CONCLUSION

The operative information in this case was sufficient to charge Dicken with burglary under § 28-507. Therefore, although our reasoning differs from that of the district court, we conclude that the district court did not err in overruling Dicken's motion to quash the information or in convicting and sentencing Dicken based on the information. We affirm Dicken's conviction and sentence.

Affirmed.

---

[17] *State v. Ettleman*, 303 Neb. 581, 594, 930 N.W.2d 538, 547 (2019).